[No. C040171. Third Dist. May 5, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
SHAWN PATRICK FLOOD, Defendant and Appellant.

## COUNSEL

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Carlos A. Martinez and Matthew Chan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NICHOLSON, J.**—In November 2001, defendant Shawn Patrick Flood pleaded no contest to a September 2000 assault with a deadly weapon and by

means likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(1); further statutory references are to the Penal Code.) He admitted allegations that he personally used a knife (§ 12022, subd. (b)(1)), that he personally inflicted great bodily injury (§ 12022.7), and that he suffered a November 2000 strike conviction (§ 667, subds. (b)-(i)) in Kitsap County, Washington. His counsel stipulated that there is a factual basis for the charge and the allegations. In exchange, a count of attempted premeditated murder (§§ 187, subd. (a), 664) was dismissed along with allegations of knife use and great bodily injury. Defendant was sentenced to a stipulated state prison term of 12 years. He obtained a certificate of probable cause.

On appeal, defendant contends the matter must be remanded for resentencing because his November 2000 conviction is not a strike. We affirm the judgment.

## FACTS[1]

On September 25, 2000, defendant and Derek Jasmer went drinking at several bars. Shortly after leaving Gil's bar that evening, defendant told Jasmer that he had to speak with him. As they sat on a curb in the back of a parking lot, defendant pulled back Jasmer's head and put a knife to his neck. Defendant said, "I don't want to do this," and told Jasmer not to mention defendant's name or the name of the motorcycle gang, "The Resurrection." When Jasmer pleaded, "You don't have to do this," defendant cut Jasmer's throat. Jasmer threw defendant off of him and ran toward the street, where he flagged down a motorist and was transported to the hospital.

## DISCUSSION

■ Defendant effectively contends his trial counsel rendered ineffective assistance by allowing him to admit the strike allegation and by stipulating to its factual basis. Noting that the "Three Strikes" law applies to persons who "commit a felony and *have been previously convicted* of serious and/or violent felony offenses" (§ 667, subd. (b),[2] italics added), he argues that the law does not apply to him because he committed the present offense in

---

[1]Our statement of facts is taken from the transcript of the preliminary hearing.

[2]Section 667, subdivision (b), states: "It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses."

September 2000, and was *subsequently,* not previously, convicted of the Washington offense in November 2000.[3]

The People claim the Three Strikes law applies even though defendant committed the present offense before he suffered his "prior" strike conviction. They argue, "If the Legislature had intended for section 667, subdivisions (b) through (i) to apply only if the current offense was committed after a prior conviction, it could have easily said so. Instead of stating that the three strikes law provides increased punishment 'for those who commit a felony and *have been previously* convicted of serious and/or violent felony offenses,' subdivision (b) could have been written to state that the three strikes law provides increased punishment 'for those who commit a felony *after having been* convicted of serious and/or violent felony offenses.'" (Italics in original.)

The People's argument is puzzling because its two alternative formulations mean the same thing. The word "previously" means the *conviction* for a serious or violent felony *must precede* the present felony; the present felony must be committed *after* the serious or violent felony conviction. Here, the opposite occurred; the present crime occurred in September 2000, the serious or violent felony evidently was committed in October 2000, and the serious or violent felony *conviction* occurred in November 2000.

The People rely on *People v. Williams* (1996) 49 Cal.App.4th 1632 [57 Cal.Rptr.2d 448], but their reliance is misplaced. In *Williams,* the defendant had been convicted of a burglary before committing the present burglary offense, but the judgment on the prior burglary conviction was not pronounced until after the commission of the present offense. (*Id.* at p. 1637.) The defendant argued that a "prior felony conviction" requires both a verdict and pronouncement of judgment, and because the judgment on the prior burglary was not pronounced until after the current felony the offense was not a strike. The court rejected this argument, explaining: "The focus of the three strikes law is *conduct*: did the defendant commit a felony after having previously committed one or more serious or violent felonies? When a defendant pleads guilty to or is convicted of a felony, the law is satisfied factually that he or she committed it." (*Id.* at p. 1638, italics in original.)

In this case, defendant did not "commit [the present] felony after having previously committed" a serious or violent felony; rather, he committed the serious or violent felony *after* he committed the present felony. (*People v.*

---

[3]At defendant's request, we take judicial notice of the information filed in the Washington case. (Evid. Code, §§ 452, subd. (a), 459, subd. (a).) The information alleged that defendant committed the offense "[o]n or about October 15, 2000."

*Williams, supra,* 49 Cal.App.4th at p. 1638; see fn. 3, *ante.*) The Three Strikes law did not apply.

Defense counsel did not waive this error by stipulating that there was a factual basis for the strike allegation. Defendant's admission and his counsel's stipulation took the place of a fact finder's determination that the prior conviction existed. It was the trial court's function to determine whether that prior conviction constituted a "strike." (See *People v. Epps* (2001) 25 Cal.4th 19, 23 [104 Cal.Rptr.2d 572, 18 P.3d 2]; *People v. Kelii* (1999) 21 Cal.4th 452, 454, 457 [87 Cal.Rptr.2d 674, 981 P.2d 518].)

■ However, defendant is not entitled to a reduction of his stipulated prison sentence. In exchange for the plea and admissions, defendant avoided a possible punishment for attempted premeditated murder of life imprisonment with the possibility of parole. (§ 664, subd. (a).) The People claim that defendant, after having gained the benefit of his plea bargain, cannot now prevail on his claims that the Three Strikes law does not apply and that his 12-year term must be reduced by four years. We agree.

" 'Where defendants have pleaded guilty in return for a specified sentence, appellate courts are not inclined to find error even though the trial court acts in excess of jurisdiction in reaching that figure, as long as the court does not lack fundamental jurisdiction. [Citations.] The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to "trifle with the courts" by attempting to better the bargain through the appellate process. [Citation.]' " (*People v. Cepeda* (1996) 49 Cal.App.4th 1235, 1239 [57 Cal.Rptr.2d 246], disapproved on other grounds in *People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [81 Cal.Rptr.2d 301, 969 P.2d 146]; see *People v. Nguyen* (1993) 13 Cal.App.4th 114, 122-123 [16 Cal.Rptr.2d 490]; *People v. Beebe* (1989) 216 Cal.App.3d 927, 932-933, 935 [265 Cal.Rptr. 242]; *People v. Ellis* (1987) 195 Cal.App.3d 334, 343 [240 Cal.Rptr. 708], disapproved on other grounds in *People v. Guzman* (1991) 226 Cal.App.3d 1060, 1066, fn. 4 [277 Cal.Rptr. 286].)

DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 9, 2003. George, C. J., and Brown, J., did not participate therein.