Filed 5/30/14

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----


| THE PEOPLE, | C074341 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F1322) |
| v. | |
| STEPHEN CHRISTOPHER DUNCKHURST, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Shasta County, William D. Gallagher, Judge.  Affirmed.

Deanna Lamb, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Kevin L. Quade, Deputy Attorney General, for Plaintiff and Respondent.

Stephen Christopher Dunckhurst appeals from the denial of his petition to recall his sentence under the Three Strikes Reform Act of 2012 (Pen. Code, §§ 667, 1170.12, 1170.126;[1] Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012); hereafter the Act). He contends the trial court erred in finding him ineligible to have his sentence for vehicle theft recalled. The trial court's finding of ineligibility was based on Dunckhurst's commission of a disqualifying offense, assault upon an inmate with a deadly weapon or force likely to cause great bodily injury (§ 4500), while in prison. Dunckhurst argues it was error to use his 2010 prison offense to disqualify him from recall of his 2005 sentence because the 2010 offense was not a "prior conviction," as required under section 1170.126, subdivision (e)(3). We find Dunckhurst was ineligible for recall of his sentence and affirm the judgment.

## BACKGROUND

In 2005, the trial court sentenced Dunckhurst to an aggregate term of 33 years to life in prison. The sentence consisted of a three strikes (§§ 667, subds. (b)-(i), 1170.12) sentence of 25 years to life for unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) in case No. 05F1322, and an eight-year sentence (the three-year upper term doubled plus two years for two prior prison term enhancements) for possession of a deadly weapon by a prisoner (§ 4502) in case No. 05F4161.

In 2010, the Kings County Superior Court sentenced Dunckhurst to a consecutive term of 30 years to life for assault on an inmate with a deadly weapon or by means of force likely to cause great bodily injury, with two strikes, and a great bodily injury enhancement (§ 12022.7, subd. (a)). The sentence consisted of nine years to life tripled plus three years for the enhancement.

---

[1] Further undesignated statutory references are to the Penal Code.

In 2013, Dunckhurst filed a petition to recall his sentence on the 2005 vehicle taking count. He claimed he met all three criteria for a sentence recall under the Act. His petition did not mention his 2010 sentence for assault on an inmate.

The trial court invited the People to respond to the petition to address whether Dunckhurst was eligible for resentencing and if so whether he posed an unreasonable risk to public safety. In their response, the People brought to the court's attention his 2010 conviction for assault on an inmate which resulted in a life sentence and declared him ineligible for resentencing.

The court ruled that Dunckhurst was ineligible for resentencing because of his "subsequent" Kings County conviction, which was punishable by life in prison.

Dunckhurst appealed.[2]

## DISCUSSION

### I

### *The Act*

The Act amended sections 667 and 1170.12 and added section 1170.126; it changed the requirements for sentencing some third strike offenders. "Under the original version of the three strikes law a recidivist with two or more prior strikes who is

---

[2] The California Supreme Court has granted review on the issue of whether a defendant has the right to appeal the trial court's denial of his petition to recall his sentence under the Act. (See *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264; *People v. Wortham* (2013) 220 Cal.App.4th 1018, review granted Jan. 15, 2014, S214844.) The People treat Dunckhurst's appeal as cognizable. Even were we to conclude the order denying the petition was a nonappealable order, we could and would, in the interest of judicial economy and because of uncertainty in the law, treat Dunckhurst's appeal as a petition for writ of mandate and reach the merits of his claim. (See *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [treating appeal as petition for writ of mandate due to uncertainty in the law].)

convicted of any new felony is subject to an indeterminate life sentence.  The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor.  In all other cases, the recidivist will be sentenced as a second strike offender.  [Citations.]  The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126.)”  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).)

“Thus, there are two parts to the Act: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony [citations]; the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126.)”  (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1292.)  “The main difference between the prospective and the retrospective parts of the Act is that the retrospective part of the Act contains an ‘escape valve’ from resentencing for prisoners whose release poses a risk of danger.”  (*Id.* at p. 1293.)

In this case, we direct our attention to the exceptions to eligibility for relief for a defendant who had been sentenced to a three strike indeterminate life sentence for a crime that is not a serious or violent felony.  (These exceptions are the same as those that disqualify a defendant who is being *currently* sentenced from the relief afforded by the Act.)  (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)

Section 1170.126, subdivision (e) contains three requirements for eligibility for resentencing.  First, the inmate’s current indeterminate term of life imprisonment cannot

be for a serious or violent felony. (§ 1170.126, subd. (e)(1).) Second, the inmate's current sentence cannot have been imposed for any of certain crimes that, while not defined as serious or violent felonies, are considered serious enough to justify the third strike sentence. (§ 1170.126, subd. (e)(2).) These crimes involve substantial amounts of controlled substances; are certain felony sex offenses; or involve the defendant using a firearm or being armed with a firearm or weapon or having the intent to cause great bodily injury. (§§ 667, subd. (e)(2)(C)(i)-(iii), 1170.12, subd. (c)(2)(C)(i)-(iii).) The third requirement is that the inmate "has no prior convictions" for any of certain specified felonies. (§ 1170.126, subd. (e)(3).)

The specified disqualifying felonies contained in the third requirement fall into eight categories. They include sexually violent offenses, certain sex acts on a child by one 10 or more years older, lewd or lascivious acts on a child, certain homicide or attempted homicide offenses, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, and serious or violent felonies punishable by life in prison or death. (§§ 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).)

Here, it is undisputed that Dunckhurst's 2005 conviction for unlawful taking of a vehicle was not for a "serious or violent felony" as defined by section 1170.126, subdivision (e)(1). Nor was it for any of the felonies that are listed in section 1170.126, subdivision (e)(2).

Therefore, Dunckhurst meets the first two requirements for resentencing under the Act. The question here is whether he meets the third. It is undisputed that his 2010 conviction for assault on an inmate causing great bodily injury is a felony punishable by life imprisonment. Dunckhurst disputes, however, that it is a "prior" conviction and therefore disqualifying. We turn to that question.

## II

### *Dunckhurst's Contention and Analysis*

Dunckhurst contends it was error to conclude that he is ineligible for resentencing on his 2005 conviction for unlawful taking of a vehicle due to his "subsequent" 2010 conviction for assault on an inmate. His argument focuses on the language of the trial court's denial order which characterized the 2010 Kings County conviction as a "subsequent" conviction. He argues his assault conviction cannot be treated both as a "subsequent" conviction and a "prior" conviction.

Unlike Dunckhurst, we do not focus on the language of the trial court's order denying his petition. "In reviewing a trial court's decision, we review the result, not the reasoning." (*Florio v. Lau* (1998) 68 Cal.App.4th 637, 653.) Rather, we focus on the language of the Act, for *the Act's* language determines whether Dunckhurst is eligible for resentencing.

The proper interpretation of a statute is a pure question of law for our independent determination. (*People ex rel. Lockyer v. Shamrock Foods Co*. (2000) 24 Cal.4th 415, 432.) " 'Under well-established rules of statutory construction, we must ascertain the intent of the drafters so as to effectuate the purpose of the law. [Citation.] Because the statutory language is generally the most reliable indicator of legislative intent, we first examine the words themselves, giving them their usual and ordinary meaning and construing them in context.' [Citation.]" (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663.)

As we have discussed, the Act has three requirements for eligibility for resentencing. The first two concern the inmate's current sentence, the one he seeks to recall for resentencing. (§ 1170.126, subd. (e)(1) & (2).) The third requirement is: "The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126,

6

subd. (e)(3).)  In other words, the inmate cannot have a prior conviction for any of the eight categories of serious or violent felonies described *ante*.

Dunckhurst contends he is eligible for resentencing because he did not yet have a disqualifying prior conviction at the time he received the sentence he now seeks to recall. He argues the disqualifying conviction cannot be "prior" unless it preceded the conviction that resulted in the indeterminate sentence under the three strikes law.  We disagree, and conclude that the disqualifying "prior" conviction need only occur before the court decides whether the inmate is eligible for resentencing under the Act.

In construing a statute, "[t]he words in question 'must be construed in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.]" (*West Pico Furniture Co. v. Pacific Finance Loans* (1970) 2 Cal.3d 594, 608.)  The obvious context of section 1170.126 is that an inmate is seeking resentencing by petitioning for recall of sentence.  The time period at issue encompasses the time *after* the original sentencing, up to the time the inmate's petition for recall of his original sentence is decided.  In setting forth the third requirement for eligibility, subdivision (e)(3) uses the present tense:  "The inmate *has* no prior convictions . . . ."  The choice of verb tense is considered significant in construing a statute. (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 776; *Matus v. Board of Administration* (2009) 177 Cal.App.4th 597, 607.)  "In particular, the Legislature's use of present tense language has often been interpreted as indicating an intent to establish 'current' requirements." (*People v. Brewer* (2001) 87 Cal.App.4th 1298, 1304, superseded by statute on other grounds as noted in *Good v. Superior Court* (2008) 158 Cal.App.4th 1494, 1504, 1510, fn. 13.)  Here, the use of the present tense language "has" indicates the convictions must have occurred only before the time the court decides the inmate's petition for recall of sentence.  (See *People v. Loeun* (1997) 17 Cal.4th 1, 11 [use of the present tense indicates that instances of current criminal conduct can satisfy the statutory requirement for a "pattern of criminal gang activity"].)

7

This interpretation of section 1170.126, subdivision (e)(3) is consistent with the voters' intent in approving the Act. A key purpose of the Act was to enhance public safety, which the Act sought to accomplish in part by preventing dangerous criminals from being released early. (*Yearwood, supra,* 213 Cal.App.4th at pp. 171, 175.)

Dunckhurst argues the term "prior conviction" in section 1170.126 must be given the same meaning as in the three strikes law; the prior conviction must occur before the offense for which the defendant is sentenced under three strikes. He relies on *People v. Flood* (2003) 108 Cal.App.4th 504 (*Flood*). In *Flood*, this court held the three strikes law did not apply where defendant committed the alleged strike in Washington after he committed the California offense (for which he was being sentenced). (*Id.* at pp. 507-508.) But *Flood* is of no assistance to Dunckhurst. At issue in *Flood* was the provision that the three strikes law applies to persons who "commit a felony and have been previously convicted of one or more serious and/or violent felony offenses." (§ 667, subd. (b).) There, the time for determining the previous conviction was the time defendant committed the felony for which he was being sentenced; the strike had to be a conviction that occurred before the commission of the current felony. (*Flood, supra,* at pp. 507-508.) Here, we are concerned with the time of decision on Dunckhurst's petition for recall of sentence. His disqualifying felony conviction must occur prior to that time. It did.

At oral argument, Dunckhurst expanded on his argument. He contended that his 2010 conviction for assault in prison did not disqualify him from resentencing because he had not yet begun to serve the life sentence on that conviction. This argument fails. Under section 1170.126, subdivision (e)(3), defendant is ineligible for resentencing if he suffered any of certain prior serious or violent felony convictions, including "any serious and/or violent offense punishable in California by life imprisonment or death." (§§ 667, subd. (e)(2)(C)(iv)(VIII), 1170.12, subd. (c)(2)(C)(iv)(VIII).) A conviction for a violation of section 4500, where the victim does not die within a year and a day, is

8

punishable by life imprisonment without the possibility of parole for nine years. (§ 4500.) Section 1170.126, subdivision (e)(3) requires only that the prior conviction be *punishable* by life imprisonment or death, not that such sentence is currently being served.

The trial court properly found Dunckhurst was ineligible for resentencing under section 1170.126, subdivision (e)(3). Because he is ineligible for resentencing, we need not address his contentions regarding the second phase of the recall procedure that determines whether the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

## DISPOSITION

The judgment is affirmed.

          DUARTE         , J.

We concur:

       BLEASE        , Acting P. J.

       MURRAY        , J.