Filed 6/18/14; pub. order 7/11/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>      v.<br><br>RANDY THANH HUYNH,<br><br>   Defendant and Appellant. | G048804<br><br>(Super. Ct. No. 12WF1796)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Lance Jensen, Judge. Affirmed.

Tony Rackauckas, District Attorney, and Matthew Lockhart, Deputy District Attorney, for Plaintiff and Appellant.

Frank Ospino, Public Defender, Mark S. Brown, Assistant Public Defender, and Scott Van Camp, Deputy Public Defender, for Defendant and Respondent.

The issue in this case is simply, what does "previously convicted" in

Penal Code section 667.61, subdivision (d)(1), mean (all further statutory references are to the Penal Code)?  The Orange County District Attorney argues "previously convicted" means a defendant was convicted of a qualifying offense but it is immaterial whether the qualifying offense occurred *before* or *after* the currently charged offense and the trial court erred in dismissing the section 667.61, subdivision (d)(1), allegation. Randy Thanh Huynh responds "previously convicted" means a defendant was convicted of a qualifying offense *before* the commission of the currently charged offense and the court properly dismissed the section 667.61, subdivision (d)(1), allegation.  We agree with Huynh and affirm the trial court's order dismissing the section 667.61, subdivision (d)(1), allegation.

FACTS

Julie N. was born late September 1993.  On May 26, 2009, Sergeant Michael Parsons went to Julie's high school because she had written an essay explaining a family member had sexually assaulted her.  Parsons took Julie, who was 15 years old and in the 10th grade, to Child Abuse Services Team (CAST) a couple weeks later to be interviewed.  Julie stated she was at her grandmother's house in a locked bedroom when Huynh led her to the bed, pushed her down, laid on top of her, held her down, and kissed her on the lips.  Huynh rubbed his non-exposed penis on her making thrusting motions and rhythmic sounds.  She told him to stop but he refused.  She told him that he was hurting her, and Huynh said she was lying.  He tried to put his tongue in her mouth.  When she resisted, he got up and unlocked the door, and she left the room.  Julie said she was in sixth or seventh grade, which would have made her 11 or 12 years old, when this happened.

A July 2012, felony complaint charged Huynh with committing a forcible lewd act on a child under 14 years old (§ 288, subd. (b)(1)), between January 1, 2002, and

2

December 31, 2005, and alleged he committed the offense against more than one victim (§ 667.61, subds. (b), (e)(5)).

At a preliminary hearing in March 2013, in addition to Parson's testimony concerning Julie, the prosecutor also offered Parson's testimony concerning Vicki N.'s and Jenny N.'s 2007 CAST interviews where they stated Huynh sexually assaulted them at the same location and in the same manner. The prosecutor offered into evidence Huynh's *Tahl* form (*In re Tahl* (1969) 1 Cal.3d 122), where in June 2008 he pleaded guilty in case No. 07WF2276 to committing five offenses (§ 288, subd. (b)(1)) and related enhancements (§ 1203.066, subd. (a)(7) & (8)) against Vicki and Jenny between January 1, 2002, to December 31, 2003.

An information charged Huynh with committing a forcible lewd act on a child under 14 years old (§ 288, subd. (b)(1)), between January 1, 2002, and December 31, 2005, and alleged he committed the offense against more than one victim (§ 667.61, subds. (b), (e)(5)). Huynh filed a demurrer to the information on the grounds the information alleged only one victim. The prosecutor conceded, and the trial court sustained the demurrer.

An amended information charged Huynh with committing a forcible lewd act on a child under 14 years old (§ 288, subd. (b)(1)), between January 1, 2002, and December 31, 2005, and this time alleged "that prior to the commission of the above offense," Huynh suffered a conviction of violating section 288, subdivision (b) (§ 667.61, subds. (a), (d)(1)). Huynh filed a motion to dismiss the section 667.61, subdivision (d)(1), allegation pursuant to section 995. The prosecutor opposed Huynh's motion to dismiss. Huynh replied.

At a hearing on Huynh's motion, the trial court indicated it had read and considered the written submissions and applicable case law. After hearing extensive

argument from counsel, the court granted Huynh's motion to dismiss the section 667.61, subdivision (d)(1), allegation pursuant to section 995 because the court concluded section 667.61 is a recidivism statute. The Orange County District Attorney appealed from the order dismissing the section 667.61, subdivision (d)(1), allegation.

DISCUSSION

In its opening brief, the District Attorney argues section 667.61 is unambiguous and its plain language requires only a prior conviction and not a prior conviction that *preceded* the currently charged offense. The District Attorney adds section 667.61 is not an anti-recidivism statute and reliance on extrinsic evidence is improper.

In its respondent's brief, the Public Defender contends section 667.61, subdivision (d), is an anti-recidivist statute and requires the prior conviction to precede the currently charged offense. The Public Defender analogizes to other anti-recidivism statutes and asserts "every statute in the history of California" requires the prior conviction to precede the currently charged offense.

In its reply brief, the District Attorney responds section 667.61 is unambiguous and it is not an anti-recidivist statute but instead an alternative sentencing scheme designed to separate an incurable class of people from society. The District Attorney adds that Huynh is now convicted of five sexual offenses and "the order of the commission of the offenses is immaterial[]" as section 667.61, subdivision (d)'s plain language does not require the prior conviction to precede the currently charged offense. The District Attorney disputes Huynh's claim all other statutes require the prior conviction to precede the currently charged offense and to impose such a requirement would lead to illogical and inconsistent results.

As we explain below, we agree with Huynh that the prior conviction must precede the currently charged offense under section 667.61, subdivision (d)(1).

4

"'In construing a statute, our task is to determine the Legislature's intent and purpose for the enactment. [Citation.] We look first to the plain meaning of the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity in the statutory language, its plain meaning controls; we presume the Legislature meant what it said. [Citation.] "However, if the statutory language permits more than one reasonable interpretation, courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute." [Citations.]' [Citation.]" (*People v. Yartz* (2005) 37 Cal.4th 529, 537-538.) Statutory interpretation is a question of law that we review de novo. (*Coito v. Superior Court* (2012) 54 Cal.4th 480, 488.)

Section 667.61, part of what is commonly known as the "One Strike" law, was enacted in 1994. Although one early California Supreme Court case referred to section 667.61 as an enhancement (*People v. Rayford* (1994) 9 Cal.4th 1, 8 (*Rayford*)), subsequent California Supreme Court authority refers to section 667.61 as an alternate sentencing scheme (*People v. Anderson* (2009) 47 Cal.4th 92, 102; *People v. Acosta* (2002) 29 Cal.4th 105, 118-120 & fn. 7 (*Acosta*) [disapproving *Rayford* on this point]).

Section 667.61, subdivision (a), as relevant here, provides: "[A]ny person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 25 years to life." Section 667.61, subdivision (c), includes, among other offenses, lewd or lascivious acts (§ 288, subd. (b)(4)).

Nearly all section 667.61, subdivision (d)'s triggering circumstances relate to the manner in which the currently charged crime was committed. One of the circumstances listed in section 667.61, subdivision (d), however, the one at issue here,

5

states, "The defendant has been *previously convicted* of an offense specified in subdivision (c), including an offense committed in another jurisdiction that includes all of the elements of an offense specified in subdivision (c)." (§ 667.61, subd. (d)(1), italics added.)

Based on section 667.61, subdivision (d)'s plain language and giving the words their usual and ordinary meaning, we conclude "previously convicted" means a defendant's conviction for a qualifying offense must chronologically precede the currently charged offense. The word "previously" can only be interpreted to mean a defendant's qualifying conviction must chronologically precede the currently charged felony. We agree with the District Attorney that the plain language of section 667.61, subdivision (d), is unambiguous but disagree as to its meaning. We conclude "previously convicted" means what the Legislature said and the order of the commission of the offenses is material.

Our conclusion is buttressed by extrinsic aids. In *People v. Wutzke* (2002) 28 Cal.4th 923, 929-930 (*Wutzke*), the California Supreme Court stated "section 667.61 ensures serious sexual offenders receive long prison sentences *whether or not they have any prior convictions*. [Citation.]" (Italics added, fn. omitted.) Citing to 667.61's legislative history, the court stated, "According to a general statement of purpose in the legislative history, the targeted group preys on women and children, cannot be cured of its aberrant impulses, and must be separated from society to prevent reoffense." (*Wutzke, supra,* 28 Cal.4th at pp. 929-930.)

Although the Legislature clearly intended to separate serious sexual offenders from society for qualifying offenses under triggering circumstances that concern primarily the manner in which the currently charged crime was committed, section 667.61, subdivision (d)(1), does not concern the manner in which the offense was committed. Section 667.61, subdivision (d)(1), relates to recidivism. Although we agree with the District Attorney that section 667.61 cannot be classified wholly as an

6

anti-recidivism statute, section 667.61, subdivision (d)(1), certainly can be classified as an anti-recidivism subdivision. *Acosta, supra,* 29 Cal.4th 105, is instructive.

In *Acosta*, the California Supreme Court addressed issues concerning the Three Strikes law and the One Strike law. The court stated the purpose of the "Three Strikes law 'is to provide greater punishment for recidivists. [Citation.]'" (*Acosta, supra,* 29 Cal.4th at p. 127.) The court added, "The purpose of the One Strike law is to provide life sentences for aggravated sex offenders, even if they do not have prior convictions. [Citations.]" After explaining nearly all section 667.61's triggering circumstances related to the manner in which the defendant committed the specified sexual offense, the court noted one of section 667.61, subdivision (d)'s triggering circumstances relates to recidivism, section 667.61, subdivision (d)(1). (See *People v. DeSimone* (1998) 62 Cal.App.4th 693, 697.)

Section 667.61, subdivision (d)(1), is designed to punish a sexual offender for having suffered a previous sexual offense conviction. Because section 667.61, subdivision (d)(1), is an anti-recidivism subdivision that exposes a defendant to 25 years to life for a "previous conviction," we conclude that to impose increased punishment for recidivism requires that the "prior conviction" chronologically precede the currently charged offense.

Numerous cases, including the California Supreme Court in *Wutzke, supra,* 28 Cal.4th at pages 929-932, and this court in *People v. Luna* (2012) 209 Cal.App.4th 460, 468-471, have discussed section 667.61's legislative history. We too have reviewed the legislative history, which is silent on the issue before us. We found nothing in the legislative history and the District Attorney cites to nothing that persuades us "previously convicted" means anything other than what its plain language requires.

The District Attorney relies on *People v. Rogers* (2013) 57 Cal.4th 296, a capital case, to argue the "prior conviction" need not precede the currently charged offense. In *Rogers*, the California Supreme Court, interpreting section 190.2, the death

7

eligibility statute, stated, "[N]umerous decisions of this court have concluded the controlling factor under the express language of section 190.2[, subdivision] (a)(2) is whether '[t]he defendant was convicted previously of murder in the first or second degree' [citation]. The 'order of the commission of the homicides is immaterial.' [Citations.]" (*Id*. at p. 343.) The court rejected defendant's analogy to habitual criminal statutes and explained section 190.2, unlike anti-recidivist statutes, is not directed at deterring misconduct. (*Ibid*.) The District Attorney's reliance on *Rogers* is inapt because unlike section 190.2, section 667.61, subdivision (d)(1), is an anti-recidivist subdivision as we explain above.

Additionally, other California authority requires the prior conviction to precede the currently charged offense. In *People v. Thomas* (2012) 53 Cal.4th 771, 820 (*Thomas*), the California Supreme Court interpreted section 190.3, the statute governing a capital case's penalty phase, which specifies the aggravating factors the trier of fact must consider in deciding whether the penalty is death or life without the possibility of parole. In that case, the court stated, "Defendant is correct that prior felony convictions are not admissible under section 190.3, factor (c), unless the conviction preceded the commission of the capital crime. [Citations.]" (*Thomas, supra,* 53 Cal.4th at p. 820.)

Similarly, in *People v. Flood* (2003) 108 Cal.App.4th 504 (*Flood*), the Third District Court of Appeal concluded the Three Strike law did not apply because defendant committed his "prior conviction," the serious or violent felony, after he committed the charged offense. The court stated, "The word 'previously' means the *conviction* for a serious or violent felony *must precede* the present felony; the present felony must be committed *after* the serious or violent felony conviction." (*Id*. at p. 507.)

We find *Flood* instructive as it concerned the Three Strikes law, an alternative sentencing scheme that punishes recidivists. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 527.) Contrary to the District Attorney's assertion otherwise, section 667.61, subdivision (d)(1), too is an alternate sentencing scheme that

8

punishes recidivism, and like *Flood,* the "previous conviction" must precede the currently charged offense. Here, it did not.

The District Attorney also complains interpreting section 667.61, subdivision (d)(1), in the manner we have will lead to illogical and inconsistent results as evidenced by the facts in this case. Here, the currently charged offense occurred *before* the 2008 prior conviction but was not discovered until *after* the 2008 conviction when in 2009 Julie wrote a school essay detailing the sexual abuse. The District Attorney asserts that if five-year-old Julie would have reported the incident when it occurred, there would be no issue. We agree with the District Attorney that the applicability of prior convictions, especially in the sexual offense context when incidents often go unreported for months or years, the District Attorney is faced with pleading challenges. But its concern does not overcome section 667.61, subdivision (d)(1)'s plain language.

The District Attorney's concern though does dovetail with another of its contentions. The District Attorney contends that had the Legislature intended section 667.61 to be a recidivism statute and to require the "previous conviction" to precede the currently charged offense it would have said so. As we explain above, we conclude the Legislature did say so when it exposed sexual offenders to increased punishment for a previous sexual offense conviction. If the Legislature had intended for a conviction to apply regardless of whether it occurred before or after the currently charged offense, it would not have used the word "previously."

For example, the Legislature amended the driving under the influence statutes from "'prior offenses'" to "'separate violations.'" (*People v. Snook* (1997) 16 Cal.4th 1210, 1218 (*Snook*); *People v. Baez* (2008) 167 Cal.App.4th 197, 204 [citing *Snook*].) We invite the Legislature to similarly amend section 667.61, subdivision (d)(1),

9

to allow a "previous conviction" that occurred subsequent to the currently charged offenses if that is what the Legislature intended.

DISPOSITION

The order is affirmed.


O'LEARY, P. J.

WE CONCUR:


RYLAARSDAM, J.


MOORE, J.

10

Filed 7/11/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048804 |
| v. | (Super. Ct. No. 12WF1796) |
| RANDY THANH HUYNH, | ORDER DIRECTING |
| | PUBLICATION OF OPINION |
| Defendant and Appellant. | |

   The Orange County Public Defender has requested that our opinion filed June 18, 2014, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

   The opinion is ordered published in the Official Reports.

11

O'LEARY, P. J.

WE CONCUR:

RYLAARSDAM, J.

MOORE, J.