Filed 10/23/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B299677 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA115001) |
| v. | |
| JEFFERY ALAN FOLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge. Affirmed in part, reversed in part, and remanded for further proceedings.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendant and appellant Jeffery Alan Foley was convicted of sexually molesting his two granddaughters, F. and A. Foley molested F. over a period of years, but she did not immediately disclose the abuse. Thereafter, Foley molested A., who immediately reported his conduct. He pled guilty to committing a lewd and lascivious act against A., and was sentenced to prison. Approximately two years later, F. disclosed that Foley had sexually molested her as well. Foley was then tried and convicted of various sex crimes against F. The trial court sentenced him on three counts pursuant to the "One Strike" law, Penal Code section 667.61,[1] based on the jury's true finding that he had "been convicted in the present case or cases of committing" a specified offense "against more than one victim." (§ 667.61, subd. (e)(4).) Foley argues that this multiple victim circumstance does not apply when the crimes against multiple victims are prosecuted in separate proceedings. Accordingly, he contends the court misinstructed the jury on the multiple victim circumstance and his One Strike sentence is unauthorized. We agree that the multiple victim circumstance does not apply here. Accordingly, we order it stricken and the matter remanded for resentencing. In all other respects, we affirm the judgment of conviction.

---

[1] All further undesignated statutory references are to the Penal Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND[2]

F. and A. Doe are identical twins. Appellant Foley is their paternal grandfather. As children, the twins frequently visited Foley and their grandmother, at the grandparents' residence.

On February 7, 2015, when 12-year-old A. was visiting the grandparents, Foley reached his hand into her pants and rubbed her vagina beneath her clothing. A. reported the incident to her mother. Foley admitted his conduct to a detective. On November 6, 2015, in Los Angeles County Superior Court case No. KA109342, Foley pled no contest to one count of committing a lewd and lascivious act on A., a child under 14 years of age, in violation of section 288, subdivision (a). He was sentenced to three years in prison.

Approximately two years later, F. disclosed that Foley had sexually molested her over a period of years, prior to his offense against A. The abuse included touching her breasts and vagina, digital penetration, and oral copulation; Foley also showed her pornographic material. Consequently, Foley was charged in October 2018, in case No. KA115001, with various sexual offenses against F. An amended information was later filed. The offenses were alleged to have transpired between May 23, 2009 and May 22, 2015. Neither the original nor the amended information alleged Foley committed offenses against any other specific victim, but did allege a multiple victim circumstance under the One Strike law as to counts 6, 7, and 8. (§ 667.61, subd. (e).)

---

[2]     Appellant does not contest the sufficiency of the evidence to sustain the convictions, and therefore we do not discuss it in detail.

3

At trial, A. testified regarding Foley's conduct against her. Foley stipulated that he had been previously convicted of molesting A. He served time in prison as a result.

During trial, the court asked the parties about the "multiple victim instruction." It observed that the standard CALCRIM instruction presupposed that charges against multiple victims were all brought in the same case. Without objection from the defense, the court ultimately instructed with a modified version of CALCRIM No. 3181. As relevant here, it stated: "If you find the defendant guilty of one or more sex offenses as to [F.], as charged in Counts 6, 7, 8, you must then decide whether the People have proved the additional allegation that those crimes were committed against more than one victim. ([A.] and [F.])" The court also instructed with CALJIC No. 1.12, which stated in pertinent part: "In this proceeding the alleged victim has been identified as [F.] Doe & [A.] Doe. This has been done only for the purpose of protecting [his/her] privacy pursuant to California law."

The jury convicted Foley of three counts of committing a lewd act upon a child under 14 (§ 288, subd. (a), counts 6, 7, and 8) and two counts of sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b), counts 2 and 3).[3] F. was the named victim in all counts. The jury also found true the allegation that "pursuant to Penal Code section 667.61(b)(e) [*sic*], that the crimes involved more than one victim involving lewd and lascivious acts upon a child . . . ."

---

[3] The jury acquitted Foley of sexual intercourse or sodomy with a child 10 years of age or younger.

4

The trial court sentenced Foley to 60 years to life, configured as follows: on count 2, 15 years to life; on count 3, a concurrent term of 15 years to life; and, under the One Strike law, consecutive terms of 15 years to life on counts 6, 7, and 8. It imposed a $10,000 restitution fine, a suspended parole revocation restitution fine in the same amount, a sexual abuse fine and related penalty assessment and surcharge, a court operations assessment, and a criminal conviction assessment.

Foley filed a timely notice of appeal.

## DISCUSSION

1. *The multiple victim circumstance must be stricken*
    a. *The One Strike law*

Section 667.61, commonly known as the "One Strike" law, sets forth an alternative and harsher sentencing scheme for certain sex crimes when the People plead and prove the offenses were committed under specified circumstances. (*People v. Hammer* (2003) 30 Cal.4th 756, 759; *People v. Perez* (2015) 240 Cal.App.4th 1218, 1223.) Subject to exceptions provided in subdivisions (j), (l), and (m), section 667.61 provides that a defendant must be sentenced to an indeterminate life term when convicted of a sex offense enumerated in section 667.61, subdivision (c), under one or more of the circumstances listed in subdivisions (d) or (e) of the statute.[4] (See *People v. Wutzke* (2002) 28 Cal.4th 923, 930; *People v. Perez*, at p. 1223.) Specifically, if the defendant is convicted of a section 667.61, subdivision (c) offense and at least one subdivision (d) or two

---

[4] Subdivisions (j), (l), and (m) provide for increased penalties when the victim was under the age of 14. The question of whether Foley should have been sentenced pursuant to subdivision (j)(2) is not before us.

5

subdivision (e) circumstances are found true, he or she must be sentenced to a term of 25 years to life.  (§ 667.61, subd. (a).)  If only one subdivision (e) circumstance is found true, he or she must be sentenced to 15 years to life.  (§ 667.61, subd. (b); *People v. Wutzke*, at p. 930.)

Commission of a lewd act upon a child under 14 years old in violation of section 288, subdivision (a)—the crime of which Foley was convicted in counts 6, 7, and 8—is an offense enumerated in subdivision (c).  (§ 667.61, subd. (c)(8).)  As relevant here, one of the section 667.61, subdivision (e) circumstances is that the defendant "has been convicted *in the present case or cases* of committing an offense specified in subdivision (c) against more than one victim."  (§ 667.61, subd. (e)(4), italics added; *People v. Carbajal* (2013) 56 Cal.4th 521, 535.)

  b.  *Contentions*

Foley argues that the section 667.61, subdivision (e)(4) multiple victim circumstance applies only when charges against multiple victims are tried in a single proceeding.  It cannot apply here, he argues, because he was convicted of the offense against A. in a prior, separate case.  Therefore, the trial court committed instructional error, his trial counsel provided ineffective assistance, and his One Strike sentences on counts 6, 7, and 8 were unauthorized.  The multiple victim circumstance must be stricken, and the matter remanded for resentencing.

The People argue that there was no instructional or sentencing error because section 667.61, subdivision (e)(4) does not require that crimes against multiple victims must be tried together.  A different interpretation of the statute, they argue, would undermine the Legislature's intent.

6

c. *Standard of review*

Foley's argument turns on the interpretation of the "present case or cases" language in section 667.61, subdivision (e)(4). Interpretation of a statute is a question of law that we review de novo. (*People v. Tran* (2015) 61 Cal.4th 1160, 1166; *People v. Paige* (2020) 51 Cal.App.5th 194, 200.) Our task is to determine the Legislature's intent so as to effectuate the law's purpose. (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1105–1106; *People v. Howard* (2020) 50 Cal.App.5th 727, 737.) We look first to the statutory language, giving the words their ordinary and usual meaning and viewing them in context. (*People v. Gonzales* (2018) 6 Cal.5th 44, 49–50; *People v. Paige*, at p. 200.) If the statute's language is not ambiguous, the plain meaning governs unless a literal interpretation would result in absurd consequences the Legislature did not intend. (*People v. Colbert* (2019) 6 Cal.5th 596, 603; *People v. Flores* (2020) 44 Cal.App.5th 985, 992.) If the statute's words support more than one reasonable interpretation, we may look to extrinsic aids, including the legislative history and the objects to be achieved by the legislation. (*People v. Ruiz*, at p. 1106.)

d. *The multiple victim circumstance*

The plain language of section 667.61, subdivision (e)(4), requires that for the multiple victim circumstance to apply, the defendant must have been convicted of specified sex crimes against more than one victim in the case or cases currently being tried, rather than in a prior prosecution. "Present" modifies both "case" and "cases." The dictionary definitions of the adjective "present" include "now existing or in progress"; "being in view or at hand"; "constituting the one actually involved, at hand, or being considered" (Merriam-Webster Dict. Online (2020)

7

<https://merriam-webster.com/dictionary/present> [as of Oct. 23, 2020], archived at <https://perma.cc/9C4W-35BB>) and "being, existing, or occurring at this time or now." (Random House College Dict. (rev. ed. 1984) p. 1048.) The most natural reading of the statute's wording, therefore, is that the adjective "present" in subdivision (e)(4) refers to the case being currently tried, not to a different case previously adjudicated. Foley's conviction for molesting A., which occurred long before his trial on the crimes against F., therefore does not qualify as a "present" case.

Language and analysis in other cases, while not directly addressing this issue, support this reading. In *People v. Carbajal*, *supra*, 56 Cal.4th 521, the defendant was charged with sexually molesting two victims, and a multiple victim circumstance was alleged. The jury convicted him of some counts involving one victim, but deadlocked on all counts related to the other victim. (*Id.* at p. 525.) He was retried by a second jury on the counts on which the first jury had deadlocked, as well as on the multiple victim circumstance. Our Supreme Court concluded retrial on the multiple victim allegation was not barred by double jeopardy, because the first jury had no authority to decide or even consider it, since it did not find the defendant guilty of crimes against more than one victim. (*Id.* at pp. 525, 533.) The court stated: "[W]e construe section 667.61, subdivision (e)(4) to entail that a jury may not consider whether a defendant 'has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim' *until the jury has returned convictions on offenses involving more than one victim*. The essential predicate for the jury's consideration of the multiple victim allegation—conviction of a section 667.61, subdivision (c) offense against more than one victim—consists of

8

facts that only the jury itself can establish by rendering verdicts on the underlying substantive charges. Until the jury establishes those predicate facts, it has no basis for deciding, and thus no statutory authority to decide, the multiple victim allegation." (*Id.* at p. 535, italics added.) In her concurrence, Justice Kennard clearly stated, the "multiple-victim allegation requires a finding that the defendant, in a single proceeding, was convicted of certain serious sex crimes against more than one victim." (*Id.* at p. 541 (conc. opn. of Kennard, J.); see also *People v. Stewart* (2004) 119 Cal.App.4th 163, 172 [multiple victim circumstance applied where "there were multiple victims of defendant's criminal acts *and the offenses against each of those victims were tried together in the present case*." (Italics added.)].)

Also illustrative is *People v. Stewart*, *supra*, 119 Cal.App.4th 163. There, the defendant contended that section 667.61 violated equal protection principles because he was subjected to potentially harsher One Strike sentencing due to the prosecutor's choice to try all charges against him in one proceeding. In contrast, he argued, a hypothetical defendant whose offenses against multiple victims were prosecuted in separate proceedings would escape One Strike sentencing. (*Stewart*, at pp. 172–173.) Tellingly, *Stewart* rejected this argument, but *not* on the basis that the defendant's underlying premise—that the offenses had to be tried in the same proceeding—was incorrect. *Stewart* did not directly consider the question at issue here. But, if the court believed the multiple victim circumstance applied to charges tried in separate proceedings, this construction would have defeated the appellant's argument, and *Stewart*'s omission of that point would be curious.

The People argue that the Legislature's use of the words "case *or cases*" requires the conclusion that the qualifying convictions may be rendered in more than one case. (Italics added.) This wording, they insist, is unambiguous and "expressly contemplates that the qualifying convictions may be rendered in more than one case." A contrary construction would render the word "cases" superfluous. They argue, "[i]f the multiple victim circumstance only applies when all the qualifying crimes are tried in a *single* prosecution, then those crimes would necessarily become part of a single 'case,' and there would be no need to specify, 'or cases.' "

*People v. Carbajal*, *supra*, 56 Cal.4th 521 and *People v. DeSimone* (1998) 62 Cal.App.4th 693, provide examples of how present "cases" can exist. As noted, in *Carbajal*, the defendant was charged in a single case of sexually molesting two victims, but the jury deadlocked on the counts related to one victim. (*People v. Carbajal*, at p. 525.) He was retried on the mistried counts, as well as on the multiple victim circumstance. (*Ibid.*) Thus, the crimes were originally tried in a single proceeding, but a second trial was necessitated by the jury's deadlock. While *Carbajal* did not expressly consider whether the multiple victim circumstance applied on these facts, such was implicit in its holding.

In *People v. DeSimone*, the court rejected a defendant's argument that only one multiple victim finding was permitted in a case. (*People v. DeSimone*, *supra*, 62 Cal.App.4th at p. 695.) In coming to its conclusion, the court reasoned that the language of the multiple victim circumstance provision "merely clarifies that the conviction for a crime against another victim may arise from another pending case. For example, if two separate cases

10

involving different victims were consolidated for trial, the prosecution could seek a timely amendment of the charging document to include a multiple victim allegation . . . ." (*Id.* at p. 698.)

These examples demonstrate that the Legislature wisely used the word "cases" to cover these and similar situations. But, no matter what the precise delineation of the meaning of "case or cases," the problem here is that the proceeding involving the crime against A. simply cannot be characterized as a "present" case. It was adjudicated in a separate proceeding that was final long before the trial of the crimes against F. Foley's guilt of any offense against A. was not at issue in the trial. Indeed, Foley had already begun or had completed his sentence imposed for the crime against A. We cannot see how, under these circumstances, the A. case can possibly be characterized as a "present" case.

Moreover, the People's interpretation would render the word "present" surplusage. If the Legislature intended the multiple victim circumstance in section 667.61, subdivision (e)(4) to apply whenever a defendant had suffered *any* conviction for one of the enumerated sex crimes, addition of the word "present" was entirely superfluous. We must accord significance to every word, and may not excise words from a statute. (*Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 611; *People v. Johnson* (2002) 28 Cal.4th 240, 246–247; *People v. Kareem A.* (2020) 46 Cal.App.5th 58, 71.) The People's suggested interpretation essentially eliminates the word "present" from subdivision (e)(4).

The People further argue that their interpretation of the statute harmonizes subdivision (e)(4) with subdivision (d)(1), the "previous conviction" circumstance. Section 667.61, subdivision

11

(d)(1), lists as a circumstance requiring a 25-years-to-life term, that "[t]he defendant has been previously convicted of an offense specified in subdivision (c), including an offense committed in another jurisdiction that includes all of the elements of an offense specified in subdivision (c)."  (§ 667.61, subd. (d)(1).)

The People correctly point out that, in regard to certain recidivist statutes, a later-committed offense cannot be used to enhance an earlier-committed offense; that is, the prior conviction must precede commission of the currently charged offense.  (See, e.g., *People v. Balderas* (1985) 41 Cal.3d 144, 201; *People v. Thomas* (2012) 53 Cal.4th 771, 820; *People v. Diaz* (1966) 245 Cal.App.2d 74, 77–78, fn.1; *People v. Shivers* (1986) 181 Cal.App.3d 847, 849–850; *People v. Rojas* (1988) 206 Cal.App.3d 795, 797, 801–802; *People v. Flood* (2003) 108 Cal.App.4th 504, 506–507; but see *People v. Rogers* (2013) 57 Cal.4th 296, 340–345; *People v. Baez* (2008) 167 Cal.App.4th 197, 200–204.)  *People v. Huynh* (2014) 227 Cal.App.4th 1210 (*Huynh*), while not referenced by the parties, held the same is true in regard to section 667.61, subdivision (d)(1), reasoning that the defendant's conviction for a qualifying offense must chronologically precede the commission of the currently charged offense.  (*Huynh*, at pp. 1212, 1215.)

In light of the foregoing, the People argue, section 667.61, subdivisions (d)(1) and (e)(4) should be harmonized by construing subdivision (d)(1) to apply to crimes a defendant committed *before* he or she committed the charged offense, whereas subdivision (e)(4) encompasses convictions incurred for crimes the defendant committed *after* he or she committed the charged offense.  A contrary reading of subdivision (e)(4), they argue, would reward defendants who successfully prevent their victims from

12

immediately disclosing abuse, in contradiction to the Legislature's intent to increase the penalties against sexual predators.

The People's concerns are not without force. If the *Huynh* court's interpretation of section 667.61, subdivision (d)(1) is correct, some defendants may evade One Strike sentencing if their crimes against more than one victim qualify as neither a present case for purposes of subdivision (e)(4) nor a previous conviction for purposes of subdivision (d)(1). This result could be problematic, especially where young victims are concerned: child victims often delay reporting sexual abuse and may be unable to pinpoint precisely when a molestation occurred, potentially making it difficult to determine which offense preceded another.

But interpretation of section 667.61, subdivision (d)(1) is not before us. The People did not plead a subdivision (d)(1) circumstance, and given section 667.61's strict pleading requirements, it is not at issue here. (See § 667.61, subds. (f), (o); *People v. Mancebo* (2002) 27 Cal.4th 735, 743; see generally *People v. Perez, supra*, 240 Cal.App.4th at pp. 1223, 1225.) In our view, if section 667.61 contains an unintended loophole, the problem lies not with our interpretation of subdivision (e)(4). Characterizing an offense that has already been adjudicated in an entirely separate proceeding as a "present case" stretches the meaning of that phrase beyond recognition. As interpretation of subdivision (d)(1) is not before us, we have no occasion to address the question of the proper interpretation of that subdivision.

In sum, Foley's previous conviction for molesting A.— suffered in an entirely separate proceeding that concluded long before the trial of his offenses against F.— does not fall within subdivision (e)(4)'s multiple victim circumstance as a matter of

law.  Therefore, the trial court should not have instructed on the multiple victim circumstance or submitted it to the jury.  Because sentencing under the One Strike law in the absence of a valid qualifying circumstance is an unauthorized sentence, the One Strike sentences on counts 6, 7, and 8 are unauthorized.  (See *People v. Mancebo, supra*, 27 Cal.4th at p. 743.)  The multiple victim circumstance must therefore be stricken, and defendant resentenced.  We so order, and remand the case to the trial court for a full resentencing.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256.)

     2.  *Penalty assessments and surcharge*

The parties agree that the matter should be remanded to allow the court to articulate the statutory basis for the penalty assessments and the state surcharge, and to amend the abstract of judgment to so reflect.  As we are remanding the matter for resentencing, the parties can raise these issues in the trial court in the first instance.

## DISPOSITION

The multiple victim circumstance is ordered stricken, and the matter is remanded for resentencing.  In all other respects, the judgment of conviction is affirmed.

**CERTIFIED FOR PUBLICATION**


EDMON, P. J.


We concur:



LAVIN, J.



EGERTON, J.