[No. B258736. Second Dist., Div. Two. Oct. 1, 2015.]

THE PEOPLE, Plaintiff and Respondent, v.
EDUARDO LALO PEREZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the Discussion, parts I., II., III., and IV.B.

COUNSEL

Richard A. Levy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HOFFSTADT, J.**—Eduardo Lalo Perez (defendant), while 16 years old, kidnapped a woman at knifepoint and then subjected her to a series of sexual acts, digitally penetrating her, placing his penis against her mouth and teeth, and attempting to rape her from behind. A jury found him guilty of six crimes

related to the incident, and the trial court sentenced him to prison for 52 years to life. In the published portion of our decision, we conclude that the trial court erred in imposing a sentence of 25 years to life on the forcible oral copulation count, under the "One Strike" law (Pen. Code, § 667.61),[1] because the People did not as to that count plead any circumstance triggering application of section 667.61, and never moved to amend the information to allege any such circumstance. Because our Supreme Court's decision in *People v. Mancebo* (2002) 27 Cal.4th 735 [117 Cal.Rptr.2d 550, 41 P.3d 556] (*Mancebo*), requires such specificity in pleading under the One Strike law, we are compelled to vacate that sentence. In the unpublished portion of our decision, we reject defendant's other challenges to his convictions and sentence. We accordingly affirm his convictions and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Raquel Doe (Raquel) was walking home from a friend's house one night when defendant, while wearing a mask and gloves, grabbed her from behind, placed a knife to her neck, and threatened to kill her if she screamed. Defendant took her cell phone and camera, and with one hand pressing a knife against her throat and the other fondling her breasts, directed her toward an abandoned house. He pulled her into a darkened alley. He removed his mask enough to expose his lips, pinned Raquel against a wall and forcibly kissed her. While still holding a knife against her body, he then removed the glove from his other hand, unzipped her pants, and penetrated her vagina with his fingers. She felt his bare hand against her thigh. Defendant pulled her further into the alley, where he forced her to bend down and placed his penis against her mouth and teeth; he was unable to insert his penis into her mouth. Defendant turned Raquel away from him, directed her to bend over, and tried to insert his penis into her vagina; she felt his penis against her thighs, but he did not penetrate her. All the while he ignored Raquel's sobbing. He marched her back to the edge of the alleyway, and left. Although no evidence of defendant's age was introduced at trial, it is undisputed that he was 16 years old at the time of the crime.

Raquel immediately contacted the police. She identified her attacker as a Hispanic male approximately five feet six inches to five feet seven inches in height and weighing approximately 160 pounds, but could give no further details because he was partially or wholly masked during the entire attack. Forensic technicians collected samples from Raquel's right and left inner thighs, her breasts, her vulva, her vagina, her external anus, her external mouth and her left shoe (because she said she had spit on her shoe after the assault). The sample from her right inner thigh contained epithelial (or

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

skin-cell) DNA; the profile from that sample was uploaded onto the national database. Approximately one year later, defendant's DNA was collected and uploaded onto the database and was a match to the DNA collected from Raquel's inner thigh.

The People charged defendant with six counts: (1) kidnapping (§ 207, subd. (a)); (2) sexual penetration by a foreign object (§ 289, subd. (a)(1)); (3) attempted forcible rape (§ 261, subd. (a)(2)); (4) second degree robbery (§§ 211, 212.5); (5) assault with intent to commit a felony (§ 220, subd. (a)(1)); and (6) forcible oral copulation (§ 288a, subd. (c)(2)). As to all counts, the People alleged that defendant had personally used a dangerous or deadly weapon under section 12022, subdivision (b)(1). As to the kidnapping and sexual penetration by a foreign object counts, the People alleged that defendant was eligible for a sentence of 25 years to life under the One Strike statute because he kidnapped the victim and personally used a dangerous or deadly weapon. The People made no such allegations with respect to the forcible oral copulation count. The trial court nevertheless instructed the jury to determine, as to the sexual penetration count and the forcible oral copulation count, whether defendant had kidnapped the victim, had personally used a dangerous or deadly weapon, or had engaged in aggravated kidnapping of the victim. The jury returned guilty verdicts on all counts, and found that defendant had kidnapped the victim, had used a dangerous or deadly weapon, and had engaged in an aggravated kidnapping.

The trial court imposed a state prison sentence of 52 years to life. The court imposed a sentence of 26 years to life on the sexual penetration by a foreign object count comprised of a base sentence of 25 years to life under the One Strike law and a one-year weapon enhancement under section 12022, subdivision (b)(1). The court then imposed a consecutive sentence of 25 years to life on the forcible oral copulation count under the One Strike law, and a consecutive one-year sentence on the attempted forcible rape count. The court imposed a concurrent, three-year sentence on the second degree robbery count. Invoking section 654, the court stayed the sentences on the remaining two counts and stayed the deadly weapon enhancement on all of the counts except the sexual penetration by a foreign object count.

Defendant timely appeals.

### DISCUSSION

I.–III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1218.

IV.  *Sentencing*

A.  *Proper application of One Strike law*

■  Since its adoption in 1994, California's One Strike law (§ 667.61) has set forth an "alternative and harsher sentencing scheme for certain sex crimes." (*People v. Anderson* (2009) 47 Cal.4th 92, 102, 107 [97 Cal.Rptr.3d 77, 211 P.3d 584].) For the sex crimes falling within its reach (§ 667.61, subd. (c) [enumerating crimes]), a first-time offense can result in one of two heightened sentences. The sentence will be 15 years to life if the jury finds (or the defendant admits) one or more of the "circumstances" listed in section 667.61, subdivision (e). (§ 667.61, subds. (b) & (e).) The sentence will be 25 years to life if the jury finds (or the defendant admits) either (1) *two* of the "circumstances" listed in section 667.61, subdivision (e), or (2) *one* of the more aggravated "circumstances" listed in section 667.61, subdivision (d). (§ 667.61, subds. (a), (d) & (e).)

■  The One Strike law specifically spells out what the People must do in order to invoke its greater penalties: "The penalties provided in this section shall apply only if the existence of any circumstance specified in subdivision (d) or (e) is alleged in the accusatory pleading pursuant to this section, and is either admitted by the defendant in open court or found to be true by the trier of fact." (§ 667.61, subd. (*o*).) In *Mancebo*, *supra*, 27 Cal.4th 735, our Supreme Court read this requirement strictly to obligate the People to allege, in the operative charging document, "which qualifying circumstance or circumstances are being invoked for One Strike sentencing." (*Id.* at p. 752; accord, *People v. Wutzke* (2002) 28 Cal.4th 923, 930 [123 Cal.Rptr.2d 447, 51 P.3d 310].) In the Supreme Court's view, this outcome is dictated not only by the language of the One Strike law, but also by due process because "the fair notice afforded by that pleading requirement may be critical to the defendant's ability to contest the factual bases and truth of the qualifying circumstances"; may be essential for the defendant to assess his sentencing "exposure"; and may be necessary for the defendant to know what he must admit to if he elects to enter a plea. (*Mancebo*, at pp. 746–747, 750, 752.)

In this case, defendant argues that the People did not adhere to these specific pleading requirements as to each of his One Strike law convictions.

1.  *Sexual penetration by a foreign object (count 2)*

Defendant argues that there is a mismatch between the One Strike law circumstances the People pled with respect to the sexual penetration by a foreign object count, and the circumstances later presented to the jury. We agree, but conclude that this mismatch does not affect his One Strike law sentence. It does, however, affect the deadly weapon enhancement.

In the information, the People alleged two One Strike law circumstances with respect to the sexual penetration with a foreign object count: (1) "[d]efendant kidnapped the victim" and (2) "[d]efendant personally used [a] dangerous or deadly weapon." The jury was instructed on these circumstances, and found both to be true. Because these two circumstances—which are listed in subdivision (e) of section 667.61—were properly pled and proven, the trial court's sentence of 25 years to life complies with the One Strike law. (§ 667.61, subd. (a).)

Defendant points out that the trial court instructed the jury on the additional circumstance that defendant engaged in an "aggravated kidnapping" within the meaning of section 667.61, subdivision (d)(2), and that this circumstance was nowhere alleged in the information. (See § 667.61, subd. (d)(2) [listing as a circumstance that the defendant "kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying [enumerated] offense . . ."].) *Mancebo* held that a court could not impose a One Strike law sentence based upon the multiple-victim circumstance that was never alleged under the One Strike law. (*Mancebo, supra,* 27 Cal.4th at p. 740.) However, the trial court's error in submitting this circumstance to the jury in this case has no effect on the One Strike law sentence of 25 years to life because, as noted above, it is independently valid due to the two circumstances that *were* properly pled and proven.

Our conclusion does require us to vacate the one-year enhancement for the use of a deadly weapon. The One Strike law provides that where, as here, "only the minimum number of circumstances specified in subdivision (d) or (e) that are required for" an enhanced One Strike law sentence "have been pled and proved, . . . those circumstances shall be used as the basis for imposing" the One Strike law sentence "rather than being used to impose the punishment authorized under any other provision of law, unless [the other] provision . . . provides for a greater penalty . . . ." (§ 667.61, subd. (f); see *Mancebo, supra,* 27 Cal.4th at pp. 738, 740 [use of gun enhancement not permitted when same allegation was necessary to support the 25-year-to-life One Strike law sentence]; *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 214–215 [143 Cal.Rptr.3d 178] [use of deadly weapon enhancement not permitted when allegation was necessary to support the 25-year-to-life One Strike law sentence].) Because the deadly weapon circumstance is necessary to support the One Strike law sentence, we vacate the one-year enhancement for use of a deadly weapon imposed with respect to the sexual penetration by a foreign object count.

## 2. *Forcible oral copulation (count 6)*

Defendant next argues that his One Strike law sentence of 25 years to life for the forcible oral copulation sentence must be vacated because the People did not allege any One Strike circumstances with respect to this count. Defendant is correct: Although the information alleges One Strike law circumstances with respect to the kidnapping and sexual penetration counts, the information alleges no such circumstances as to the forcible oral copulation count. Under *Mancebo*, "the People's failure to include a[ny] . . . allegation[s] [with respect to the forcible oral copulation count] must be deemed a discretionary charging decision." (*Mancebo, supra*, 27 Cal.4th at p. 749.)

The People offer three arguments as to why this pleading error should not affect the One Strike law sentence on this count. First, the People contend that defendant had actual notice that the People sought to apply the kidnapping, use of a deadly weapon, and aggravated kidnapping circumstances to the forcible oral copulation count because the trial court told the jury as much during jury selection. This is not entirely correct. The trial court did tell the jury that the kidnapping and use of a deadly weapon circumstances applied to the forcible oral copulation count; it did not, however, mention the aggravated kidnapping circumstance at that time. But under *Mancebo*, what matters is notice by pleading, not actual notice. The defendant in *Mancebo* certainly knew from the counts alleging different victims that a multiple-victim enhancement could be at issue, but the Supreme Court in *Mancebo* found that this knowledge did not satisfy the requirements of section 667.61 or due process. (*Mancebo, supra*, 27 Cal.4th at p. 753.)

Second, and relatedly, the People argue that the trial court actually amended the information to allege the kidnapping and use of a deadly weapon circumstances as to the forcible oral copulation count because the trial court told the jury as much during voir dire. However, the trial court did not indicate that it was amending the information; instead the court read the information as if it already had been amended. But it had not. There is nothing in the record to indicate that the prosecutor ever asked the trial court to amend the information, and the People do not argue on appeal that such a request was ever made. Amendment is certainly permitted. (§ 1009; see *People v. Miralrio* (2008) 167 Cal.App.4th 448, 458 [84 Cal.Rptr.3d 169] [allowing amendment to allege One Strike law sentence as to additional counts].) However, it is up to the prosecution, as part of its power over charging decisions (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 976 [60 Cal.Rptr.2d 93, 928 P.2d 1171]), to so request. Its decision not to do

so, as noted above, is "deemed a discretionary charging decision." (*Mancebo, supra*, 27 Cal.4th at p. 749.)

██ Third, the People assert that the information contains allegations that, while not specific to the forcible oral copulation count, can be construed as such. The People point to two allegations. One states: "It is further alleged as to count(s) 1, 2, 3, 4, 5, and 6, *pursuant to subdivision (b) of Welfare and Institutions Code section 602*, that the defendant was 14 years of age or older at the time the defendant committed the above offense(s), and that a circumstance enumerated in subdivisions (d) and (e) of section 667.61 of the Penal Code is applicable." This is insufficient for two reasons. To begin, as the italicized portion indicates, this allegation is designed to explain why this case is being filed in adult court rather than juvenile court under Welfare and Institutions Code section 602. It is *not* meant to invoke the One Strike law, for its allegations are partly nonsensical for these purposes given that counts 1 (kidnapping) and 4 (second degree robbery) are not even One-Strike-law-eligible offenses. (See § 667.61, subd. (c).) Further, this allegation does not specify which of the One Strike law circumstances it seeks to invoke. Although *Mancebo* leaves it open to the People to allege circumstances by "reference to the description of the qualifying circumstance . . . in conjunction with a reference to section 667.61," by "specific numerical designation" of which provision within section 667.61, subdivision (d) or (e), or by "some combination thereof" (*Mancebo, supra*, 27 Cal.4th at p. 754), the court made clear that the People must provide "notice of *which* qualifying circumstance or circumstances are being invoked" (*id.* at p. 752). It is not enough to refer to all of them.

The second allegation the People highlight states: "It is further alleged, within the meaning of Penal Code sections 667.61(a) and (e), . . . *as to count(s) 1 and 2* that the following circumstances apply: Defendant kidnapped the victim . . . [and] Defendant personally used [a] dangerous or deadly weapon." To be sure, *People v. Riva* (2003) 112 Cal.App.4th 981 [5 Cal.Rptr.3d 649] (*Riva*), held that a trial court could properly apply a 25-year discharge-of-a-firearm enhancement under section 12022.53, subdivision (d) as to a count for which that enhancement was not alleged, at least when it was alleged (but not imposed) for two other counts in the information. (112 Cal.App.4th at pp. 1002–1003.) The court reasoned that the Legislature had required that the "existence of any fact . . . be alleged in the accusatory pleading" (§ 12022.53, subd. (j)), but had not required that those facts "be alleged in connection with a particular count in order to apply to that count." (*Riva*, at p. 1001.) The court further found it "highly unlikely" that the absence of an allegation with respect to the specific count at issue would affect the defendant's decision to enter a plea because few defendants would "admit in open court to" a 25-year enhancement. (*Id.* at p. 1003.)

■ We find *Riva* inapplicable to the One Strike law. The language requiring pleading and proof in section 12022.53, subdivision (j) and in section 667.61, subdivision (*o*) is nearly identical. Thus, it might be said that the Legislature's decision not to require count-specific allegations in section 12022.53 applies with equal force to section 667.61. But section 12022.53 and section 667.61 are different, as *Riva* itself acknowledged. (*Riva, supra,* 112 Cal.App.4th at p. 1003 ["we conclude the Supreme Court's concern over lack of fair notice expressed in *Mancebo* is not applicable in the present case"].) Unlike section 12022.53's firearm enhancements, "[t]he One Strike law is not . . . a sentence enhancement"; "[r]ather, it 'sets forth an *alternate* penalty for the underlying felony itself . . . .' " (*People v. Acosta* (2002) 29 Cal.4th 105, 118 [124 Cal.Rptr.2d 435, 52 P.3d 624], quoting *People v. Jefferson* (1999) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441].) Unlike sentencing enhancements, a defendant can only plead guilty to a One Strike law crime if the circumstances necessary to trigger that crime are pled—that is how the defendant knows the maximum sentence he or she faces and what he or she must admit during the plea. Moreover, extending *Riva*'s rule to the One Strike law would give short shrift to *Mancebo*'s due process underpinnings by allowing one or more One Strike law circumstance(s) alleged as to one count to trigger a One Strike law sentence on another count as long as the total sentence actually imposed by the trial court does not exceed the total sentence that could have been imposed if the People had adhered to the actual allegations in the charging document. *Mancebo*'s due process concerns are better served by a more straightforward rule, and the one that we adopt today: ■ The People must allege the specific One Strike law circumstances it wishes to invoke as to each count it seeks to subject to the One Strike law's heightened penalties.

Because the People did not adhere to this rule, the One Strike law sentence as to the forcible oral copulation count must be reversed.

B. *Cruel and unusual sentence**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## DISPOSITION

The judgment is modified by striking the sentence imposed under the One Strike law as to count 6, and striking the one-year weapon enhancement on count 2. The matter is remanded for resentencing on count 6, and the clerk of

---

*See footnote, *ante*, page 1218.

the superior court is directed to prepare an amended abstract of judgment reflecting the sentence of 25 years to life on count 2. In all other respects the judgment is affirmed.

Ashmann-Gerst, Acting P. J., and Chavez, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 16, 2015, S230237.