Filed 5/11/16

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063305 |
| v. | (Super.Ct.No. RIF1100130) |
| OMAR MARISCAL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Charles J. Koosed, Judge. Affirmed with directions.

Laura Schaefer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

1

Prosecutors filed an information charging defendant and appellant, Omar Mariscal, with five counts of raping his daughter (Pen. Code, § 261, subd. (a)(2), counts 1-5) when she was 15 years old and three counts of committing lewd and lascivious conduct against her when she was 10 years old (§ 288, subd. (a),[1] counts 6-8). The last paragraph of the information, which appears under the heading and substantive offense allegation for the count 8 lewd conduct charge, alleged "in the commission of the above offense, the said defendant, OMAR MARISCAL, personally inflicted great bodily injury upon a person . . . within the meaning of Penal Code section 667.61, subdivision (d)(6)."

At the preliminary hearing and at trial, the prosecution presented testimony that the victim had become pregnant and given birth to a child as a result of one of the rape offenses. At trial, the jury heard evidence the victim suffered extreme pain while giving birth. At the close of evidence, the trial court instructed the jury that if it found defendant guilty of one of the rape charges, it must decide whether it is also true defendant personally inflicted great bodily injury on the victim in committing the crime. The court instructed the jury that committing rape does not by itself constitute inflicting great bodily injury and great bodily injury "may or may not be established by pregnancy." The jury found defendant guilty on all counts and found he did personally inflict great bodily injury on the victim in committing a rape offense. On November 6, 2014, after the verdict but before sentencing, the trial court held an ex parte hearing and found the "[i]nformation incorrectly reflects the leading charge for [the] enhancement," ordered the

---

[1] Unlabeled statutory citations refer to the Penal Code.

great bodily injury allegation in count 8 stricken, and added the allegation to the rape counts.

The trial court sentenced defendant to a term of 25 years to life in state prison on count 1 under the version of the "One Strike" law (§ 667.61) that took effect on September 9, 2010, after the offenses occurred. The court also imposed consecutive upper term sentences of eight years for the other four rape counts (counts 2-5) and consecutive two-year terms (one-third the midterm) for each of the lewd conduct counts (counts 6-8). Defendant's total prison term is a determinate term of 38 years plus an indeterminate term of 25 years to life.

On appeal, defendant challenges the sentence on count 1 on two grounds. First, he contends the trial court erred by sentencing him under the One Strike law on count 1 because the information did not allege he inflicted great bodily injury in committing any of the rape counts. Second, he contends the trial court erred by sentencing him to 25 years to life on count 1 because the version of the statute in effect at the time of the offense called for a term of 15 years to life. The People respond sentencing defendant under section 667.61 was proper, but concede the trial court sentenced defendant under the wrong version of the statute.

We conclude the trial court did not err by sentencing defendant under the One Strike law, but defendant must be resentenced on count 1 to a term of 15 years to life.

3

# I

# BACKGROUND

A. *Factual Background*

Jane Doe testified her father began molesting her when she was 10 years old. She told the jury, "At first it just started off with him playing with me, tickling me, and then just his hands started going in different places and I knew that it wasn't right." She testified on one occasion defendant touched her breast under her bra. He kissed her on her lips on another occasion. Another time, he touched her vagina and buttocks under her clothing. Defendant stopped molesting Jane when she was 11 and did not resume until she turned 15 years old.

When Jane turned 15, defendant began raping her. According to Jane, the first time, defendant "grabbed me and he pushed me to the bed." He told her to stay still and "it wasn't going to hurt" and then started "touching everything," took her pants off, and penetrated her vagina with his penis. Jane testified he raped her approximately 10 more times.

In May 2010, Jane learned she was pregnant. She testified she had not had sexual intercourse with anyone other than defendant. On October 23, 2010, Jane gave birth after 12 hours of painful labor. A criminalist with the California Department of Justice testified, based on genetic analysis, there is a better than 99.99 percent chance defendant is the father of Jane's child.

B. *Procedural Background*

At a preliminary hearing on August 14, 2014, the prosecution put on evidence defendant molested Jane on at least two occasions and raped her between five and 10 times. The prosecution did not present any evidence of great bodily harm in relation to the lewd conduct counts. The testifying deputy said only that Jane reported defendant had touched her breasts and her vagina, both over and under her clothing. The prosecution also presented testimony that one of the incidents of rape resulted in Jane's pregnancy and the birth of a child.

On August 27, 2014, the prosecution filed an eight-count information against defendant. In counts 1 through 5, the prosecution alleged defendant raped Jane five times between June 2009 and June 2010, when Jane was 15 years old. In counts 6 through 8, the prosecution alleged defendant committed three lewd and lascivious acts against Jane between June 2004 and June 2005, when Jane was 10 years old. In the last paragraph of the information, under the heading and substantive allegations of count 8, the prosecution also alleged "in the commission of the above offense, the said defendant, OMAR MARISCAL, personally inflicted great bodily injury upon a person, in violation of Penal Code sections 12022.53, 12022.7 and 12022.8, within the meaning of Penal Code section 667.61, subdivision (d)(6)." The information does not describe the injury or how defendant inflicted it.

The court held a jury trial beginning on October 15, 2014. The prosecution elicited testimony from Jane that she became pregnant by defendant and she experienced extreme pain during a 12-hour labor. She described the pain as being a 10 on a scale of

5

one to 10.  The trial court instructed the jury:  "If you find the defendant guilty of one of the rape charges that led to pregnancy in 1 through 5, you must then decide whether the People have proved the additional allegation that the defendant personally inflicted great bodily injury on Jane during the commission of one of those crimes.  Great bodily injury means significant or substantial physical injury.  It is an injury that is greater than minor or moderate harm.  Committing the crime of rape is not by itself the infliction of great bodily injury.  Great bodily injury may or may not be established by pregnancy.  You are the exclusive judges of whether the defendant personally inflicted great bodily injury."  (See CALCRIM No. 3160.)  The trial court did not instruct the jury on great bodily injury in relation to counts 6 through 8.

The jury returned a guilty verdict as to all eight counts.  It also found "in the commission of the offense charged under counts 1 through 5 of the information, [defendant] did personally inflict great bodily injury upon a person within the meaning of Penal Code section 667.61, subdivision (d), subsection (6)."  After the jury returned its verdict, the trial court held an ex parte hearing, found the "[i]nformation incorrectly reflects the leading charge for enhancement," ordered the great bodily injury allegation in count 8 stricken, and added the allegation to count 1 "though applying to any one of counts 001-005.  Not Count 008."

Based on the jury's finding defendant inflicted great bodily harm by committing rape, the trial court sentenced defendant on count 1 under section 667.61.  At the time of the offenses, former section 667.61, subdivision (a) required an indeterminate sentence of 15 years to life.  However, the trial court sentenced defendant under the version of the

6

statute in effect at the time of trial and sentencing, which requires an indeterminate sentence of 25 years to life. Defendant appeals and challenges the validity of the One Strike sentence and, in the alternative, asks us to reduce that sentence to 15 years to life.

## II

## DISCUSSION

A. *Applying the One Strike Alternative Sentence to Count 1*

Defendant contends the trial court erred by sentencing him on count 1 under the One Strike law because the prosecutor did not allege in the information that he inflicted great bodily injury on his victim in committing that offense. He contends his sentence violates his statutory and due process rights, issues we review de novo. (*Citizens for Hatton Canyon v. Dept. of Transportation* (2003) 112 Cal.App.4th 838, 843.)

"California's One Strike law (§ 667.61) has set forth an 'alternative and harsher sentencing scheme for certain sex crimes.' [Citation.]" (*People v. Perez* (2015) 240 Cal.App.4th 1218, 1223 (*Perez*).) For sex offenses falling within its reach, the statute requires indeterminate life terms. (*People v. Wutzke* (2002) 28 Cal.4th 923, 926, 929.) Among other offenses, the statute reaches the crimes of rape (§§ 261, subd. (a)(2); 667.61, subd. (c)(1)) and lewd and lascivious conduct with a child under 14 years old (§§ 288, subd. (a); 667.61, subd. (c)(8)) under circumstances where the "defendant personally inflicted great bodily injury on the victim . . . in the commission of the present offense in violation of Section 12022.53, 12022.7, or 12022.8." (§ 667.61, subd. (d)(6); see also former § 667.61, subd. (e)(3).) The alternative sentence prescribed for such offenses when committed under a One Strike circumstance exceeds the determinate

sentences prescribed for the offenses alone. (§§ 264, subd. (a), 288, subd. (a).) Prior to September 9, 2010, section 667.61, subdivisions (b) and (e)(3) mandated an indeterminate 15-year-to-life sentence for offenses like defendant's. An amendment, which took effect in September 9, 2010, increased the sentence for such offenses to 25 years to life. (§ 667.61, subds. (a) & (d)(6); Stats. 2010, ch. 219, § 16, eff. Sept. 9, 2010.)

The One Strike law specifies "[t]he penalties provided in this section shall apply only if the existence of any circumstances specified in subdivision (d) or (e) is alleged in the accusatory pleading pursuant to this section, and is either admitted by the defendant in open court or found to be true by the trier of fact." (§ 667.61, subd. (o); see also former § 667.61, subd. (j).) In *People v. Mancebo* (2002) 27 Cal.4th 735 (*Mancebo*), the California Supreme Court explained this statutory requirement obligates the People to allege "which qualifying circumstance or circumstances are being invoked for One Strike sentencing." (*Id.* at p. 752.) "In the Supreme Court's view, this outcome is dictated not only by the language of the One Strike law, but also by due process because 'the fair notice afforded by that pleading requirement may be critical to the defendant's ability to contest the factual bases and truth of the qualifying circumstances'; may be essential for the defendant to assess his sentencing 'exposure'; and may be necessary for the defendant to know what he must admit to if he elects to enter a plea.' [Citation.]" (*Perez*, *supra*, 240 Cal.App.4th at p. 1223, quoting *Mancebo*, *supra*, at pp. 746-747, 750, 752.)

In *Mancebo*, the prosecution brought charges against a defendant for sexually assaulting two victims on two separate occasions. (*Mancebo*, *supra*, 27 Cal.4th at p. 740.) The prosecution also alleged the defendant used a gun and kidnapped the victim

8

in one offense and used a gun and tied or bound the victim in committing the other offense. (*Ibid.*) The prosecution alleged the occurrence of those circumstances with each victim warranted One Strike sentences under section 667.61, subdivision (e). (*Mancebo*, *supra*, at pp. 742-743.) The jury found the defendant guilty of the base crimes and found the One Strike allegations true. In order to use the fact defendant used a gun in carrying out the offenses to impose additional 10-year gun-use enhancements under section 12022.5, subdivision (a), the trial court chose not to rely on defendant's use of a gun to support a One Strike sentence. Instead, the trial court relied on the pleaded kidnapping and tie-or-bind circumstances in combination with the *unpled* multiple-victim circumstance to sentence defendant under the One Strike law. The Supreme Court held it improper to use the multiple victim circumstance as a basis for the alternative sentence because doing so violated "[t]he pleading and proof requirements of section 667.61, subdivisions (f) and (i) [now (o)], and defendant's due process rights." (*Mancebo*, *supra*, at p. 753.) The Supreme Court reached this conclusion despite the fact that the prosecution did plead and prove there were multiple victims by convicting him of committing crimes against two separate women. The Supreme Court explained the allegations were insufficient "not because the defendant was never afforded notice that he was being charged with crimes against two victims; he obviously was, and not because defendant was never afforded notice that the One Strike law would apply to his case; again, he was. Sentencing error occurred because defendant was given notice that gun use would be used as one of the two pleaded and minimally required circumstances in support of the One Strike terms, whereafter, at sentencing, the trial court used the *unpled*

9

circumstance of multiple victims to support the One Strike terms, and further imposed two 10-year section 12022.5[, subdivision] (a) enhancements that could otherwise not have been imposed but for the purported substitution." (*Ibid*.)

The question we are asked to decide is whether the pleading requirement articulated in *Mancebo* requires reversal where the prosecution consistently indicated, from the preliminary hearing through trial, that the One Strike circumstance related to one count, but the information mistakenly pled the circumstance as to another count. There is no question the information in this case failed to plead the One Strike circumstance in connection with the rape offenses. The information alleged eight counts. Each of the first seven counts appears in a single paragraph under its own heading. Counts 1 through 5 alleged defendant "did wilfully and unlawfully, by means of force, violence and fear of immediate and unlawful bodily injury to a person, have and accomplish an act of sexual intercourse with and against the will of JANE DOE, a female person not his wife." Counts 6 and 7 alleged defendant "did wilfully, unlawfully, and lewdly commit a lewd and lascivious act upon and with the body and certain parts and members thereof of JANE DOE, a child under the age of fourteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of the said defendant and said child." Under the header "Count 8," the information repeats the allegations of counts 6 and 7 and adds a second paragraph alleging "in the commission of the above offense, the said defendant, OMAR MARISCAL, personally inflicted great bodily injury upon a person . . . within the meaning of Penal Code section 667.61,

10

subdivision (d)(6)." Thus, the information on its face alleges a One Strike circumstance as to count 8, but not as to counts 1 through 7.

It is equally clear pleading the great bodily injury circumstance as referring to one of the lewd conduct offenses was a mistake. The prosecution presented its case at a preliminary hearing, before filing the information. At the hearing, an investigator for the Riverside County Sheriff's Department testified about Jane's allegations against defendant. That testimony provided the factual basis for the counts in the information. The prosecution presented no evidence any of the lewd conduct offenses involved great bodily harm. The investigator testified only that Jane said defendant had touched her breasts and had touched her vagina over and under her clothing. In relation to the rape offenses, however, the investigator testified defendant started raping Jane after she turned 15, raped her more than five but fewer than 10 times, and "as a result of the rapes . . . she became pregnant and had her son." It has long been established impregnating a victim during a rape may constitute the infliction of great bodily injury. (*People v. Sargent* (1978) 86 Cal.App.3d 148, 151-152.) Thus, the prosecution established at the preliminary hearing a basis for alleging defendant inflicted great bodily harm by raping and impregnating Jane when she was 15 years old, but did not establish a basis for alleging defendant inflicted great bodily harm when he touched her in a lewd fashion when she was 10 years old.

The trial proceeded along the path marked out at the preliminary hearing. Jane testified defendant had touched her breasts, vagina, and buttocks on a few occasions when she was 10 and 11 years old. But she did not testify he touched her in a violent

11

fashion or otherwise inflicted physical injury. She also testified defendant raped her on more than 10 occasions when she was 15. She said she had never had sexual intercourse with anyone but defendant and she became pregnant and bore a child as a result of one of the incidents of rape. She also testified she had endured a 12-hour labor that was extremely painful. The trial court instructed the jury: "If you find the defendant guilty of one of the rape charges that led to pregnancy in 1 through 5, you must then decide whether the People have proved the additional allegation that the defendant personally inflicted great bodily injury on Jane during the commission of one of those crimes. . . . Great bodily injury may or may not be established by pregnancy. You are the exclusive judges of whether the defendant personally inflicted great bodily injury." At closing, both the prosecution and defense counsel argued whether the jury should take the pregnancy as evidence defendant had inflicted great bodily injury. In the end, the jury found "in the commission of the offense charged under counts 1 through 5 of the information, [defendant] did personally inflict great bodily injury upon a person within the meaning of Penal Code section 667.61, subdivision (d), subsection (6)."

The trial court then sentenced defendant consistent with the evidence at the preliminary hearing and trial. At some point, the trial court became aware of the mistake in the pleading. After trial, it held an ex parte hearing and found the "[i]nformation incorrectly reflects the leading charge for enhancement," ordered the great bodily injury allegation in count 8 stricken, and added the allegation to count 1 "though applying to any one of Counts 001-005. Not Count 008." Based on the jury's finding defendant

12

inflicted great bodily injury by impregnating Jane during one of the incidents of rape, the trial court sentenced defendant on count 1 under section 667.61, subdivision (a).

Under these circumstances, *Mancebo* does not require reversal. In *Mancebo*, the Supreme Court reversed the defendant's sentence because the defendant was never informed the multiple victim circumstance could be substituted as a basis for imposing a One Strike sentence for the gun-use allegation actually alleged as the factual basis for the alternative sentence. (*Mancebo*, *supra*, 27 Cal.4th at p. 740.) The prosecution did not allege the defendant could face a One Strike sentence based on his having multiple victims. There was no indication the prosecution indicated it would do so at a preliminary hearing. Nor did the prosecution present the multiple victim circumstance to the jury or engage in argument over its role as a reason for imposing a harsher sentence. Instead, the trial court "struck [the gun-use circumstances] from the calculation of the One Strike indeterminate terms so that gun use could instead be used to impose lesser determinate terms under another enhancement statute (§ 12022.5 [, subdivision] (a)), with the unpled multiple victim circumstances purportedly substituted into the One Strike calculation for the first time at sentencing." (*Mancebo*, *supra*, at p. 751.) Thus, the defendant faced a higher sentence after trial than he realized could apply based on the pleadings and the evidence presented against him during trial.

Here, defendant was not similarly deprived of notice. On the contrary, the prosecution put defendant on notice of both the substantive claims and the sentence he faced from the beginning of the case. As we have discussed, the prosecution laid out its case against defendant, including the case for sentencing him under the One Strike law, at

13

the preliminary hearing. It presented testimony that defendant had raped his daughter and impregnated her, evidence sufficient to support an information alleging five counts of rape and the great bodily injury circumstance warranting an alternative sentence.[2] Meanwhile, the prosecution did not present testimony at the preliminary hearing that defendant had inflicted great bodily harm—or indeed any physical injury—when he earlier committed acts of lewd touching. The prosecution pursued the same theory throughout trial and used the same facts in its closing argument to the jury and to argue for instructing the jury it must decide whether impregnating Jane constituted the infliction of great bodily injury. And after the jury found defendant inflicted great bodily injury, the trial court imposed a One Strike sentence based on the same understanding of the case.

Only the information was inconsistent with the prosecution's theory of defendant's guilt and sentencing exposure. That deficiency did not violate defendant's statutory or due process rights. Due process requires "an accused be advised of the charges against him so that he has a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." (*People v. Jones* (1990) 51 Cal.3d 294, 317 (*Jones*).) However, "in modern criminal prosecutions initiated by informations,

---

**2** At oral argument, Mariscal contended he was not put on notice at the preliminary hearing that the great bodily injury allegation related to one of the rape counts because the prosecution did not present testimony that the victim's labor was painful until trial. However, because impregnating a victim during a rape may constitute the infliction of great bodily injury (*People v. Sargent*, *supra*, 86 Cal.App.3d at pp. 151-152), the testimony that Mariscal impregnated the victim was on its own sufficient to put him on notice.

the transcript of the preliminary hearing . . . affords defendant practical notice of the criminal acts against which he must defend." (*Ibid*.) Here, and unlike in *Mancebo*, the transcript of the preliminary hearing informed defendant of exactly the charges and sentencing allegations against him. Thus, the prosecution provided defendant, from the beginning of the case, with the fair notice "critical to the defendant's ability to contest the factual bases and truth of the qualifying circumstances invoked by the prosecution in support of One Strike sentencing." (*Mancebo*, *supra*, 27 Cal.4th at p. 752.) There was no statutory violation for the same reason; the evidence at a preliminary hearing can stand in and provide statutory notice where, as here, the prosecution mistakenly places the One Strike circumstance allegation in the wrong count.

Defendant contends under *Mancebo*, *supra*, 27 Cal.4th 735 and *Perez*, *supra*, 240 Cal.App.4th 1218, what matters is notice by pleading, not actual notice. He points out the Supreme Court in *Mancebo* and the Second District Court of Appeal in *Perez* overturned One Strike sentences because the trial courts based the sentences on facts not pled as One Strike circumstances, despite the fact the pleadings set out facts that *could have* supported finding such circumstances. The problem with the treatment of the defendants in those cases was they did not have notice of the severity of the sentences they faced before trial. As the Supreme Court pointed out, "[u]nder the People's position, there would be less incentive to plea bargain since the defendant would not be informed in advance of trial or sentencing that the prosecution intends to rely on the fact of convictions of offenses against multiple victims in support of a harsher One Strike term." (*Mancebo*, *supra*, at p. 752.)

15

In *Perez*, the defendant abducted a woman at knifepoint and sexually assaulted her. (*Perez*, *supra*, 240 Cal.App.4th at p. 1221.) The People charged the defendant with one count each of kidnapping, sexual penetration by a foreign object, attempted forcible rape, second degree robbery, assault with intent to commit a felony, and forcible oral copulation. (*Id.* at p. 1222.) The People alleged the defendant was eligible for an alternative sentence under the One Strike law as to the kidnapping and sexual penetration by a foreign object counts because he had kidnapped the victim using a dangerous or deadly weapon. (*Ibid.*) "The People made no such allegations with respect to the forcible oral copulation count," but the trial court instructed the jury to determine whether the allegations were true as to that count as well. (*Ibid.*) The jury found the allegations true, and the trial court imposed consecutive 25-year-to-life sentences on the forcible oral copulation and sexual penetration counts under the One Strike law. The defendant did not receive a third 25-year-to-life sentence because the trial court stayed the sentence on the kidnapping count under section 654. (*Perez*, *supra*, at p. 1222.) Because the prosecution did not allege the One Strike circumstances as to the forcible oral copulation count, the court reversed the sentence. (*Id.* at p. 1227.)

In reaching this conclusion the Second Appellate District, Division Two articulated the following bright-line rule: "The People must allege the *specific* One Strike law circumstances it wishes to invoke *as to each count* it seeks to subject to the One Strike law's heightened penalties." (*Perez*, *supra*, 240 Cal.App.4th at p. 1227, italics added.) Defendant argues the pleading in this case does not satisfy that test because the information unambiguously alleged the One Strike circumstance as to one of the

16

molestation counts, not one of the rape counts.  We agree with defendant's characterization of the information, but conclude the rule adopted in *Perez* is overbroad. The *Perez* court justified its articulation of the rule on the premise that "a defendant can only plead guilty to a One Strike law crime if the circumstances necessary to trigger that crime are pled—that is how the defendant knows the maximum sentence he or she faces and what he or she must admit during the plea." (*Ibid.*)  The premise is false.  Where, as here, the prosecution erroneously pleads a circumstance under the wrong count, but corrects the error at the preliminary hearing, the prosecution provides the defendant full notice of the qualifying circumstances and his sentencing exposure by delivering a transcript of the preliminary hearing.  (See *People v. Jennings* (1991) 53 Cal.3d 334, 358 ["Under modern pleading procedures, notice of the particular circumstances of an alleged crime is provided by the evidence presented to the committing magistrate at the preliminary examination, not by a factually detailed information"]; *People v. Graff* (2009) 170 Cal.App.4th 345, 367 ["'[A] preliminary hearing transcript affording notice of the time, place and circumstances of charged offenses "'is the touchstone of due process notice to a defendant'"'"].)  Such notice is sufficient for both due process and statutory purposes.

We do not mean to suggest we disagree with the result in *Perez.*  We believe the rule as stated in the decision is too broad, but agree with the holding that reversal of the One Strike sentence was required under *Mancebo*.  The *Perez* defendant understood he faced One Strike sentences on two counts, but the trial court directed the jury to determine whether those circumstances applied to three counts, thereby increasing his

17

sentencing exposure after trial had commenced.  Here, defendant knew the sentence he faced and knew the reason why he faced that sentence early enough to enter informed plea negotiations and to knowingly plead guilty in open court, as well as to prepare a defense for trial.  Defendant therefore had adequate and timely notice of all charges and qualifying circumstances alleged against him as well as his maximum exposure at sentencing.

      B.  *Applying the Amended Version of the One Strike Alternative Sentence*

Defendant contends the trial court erred by imposing an indeterminate sentence of 25 years to life because the version of section 667.61, subdivisions (b) and (e)(3) in effect between June 2009 and June 2010 mandated an indeterminate sentence of 15 years to life.  The People concede the error and we agree.

"The federal and state prohibitions against ex post facto laws apply to any statute that punishes as a crime an act previously committed which was not a crime when done or that inflicts greater punishment than the applicable law when the crime was committed."  (*People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1178.)  The prosecution is responsible "to prove to the jury that the charged offenses occurred on or after the effective date of the statute providing for defendant's punishment.  When the evidence at trial does not establish that fact, the defendant is entitled to be sentenced under the formerly applicable statutes even if he raised no objection in the trial court."  (*People v. Hiscox* (2006) 136 Cal.App.4th 253, 256.)

The trial court imposed a sentence under an amendment to section 667.61 that took effect September 9, 2010.  The amendment moved the great bodily injury

18

circumstance from section 667.61, subdivision (e) to subdivision (d), thereby elevating the sentence from 15 years to life to 25 years to life.  The information alleged and the evidence tended to prove defendant committed the rape offenses between June 2009 and June 2010.  Because the length of the sentence exceeded the length of sentence mandated by the statute at the time defendant committed the offenses, the trial court erred.  The sentence must be reduced to 15 years to life.

## III

## DISPOSITION

The sentence on count 1 is reduced from 25 years to life to 15 years to life.  The matter is remanded to the trial court with directions to prepare an amended abstract of judgment reflecting this change and forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, we affirm the judgment.

CERTIFIED FOR PUBLICATION

RAMIREZ                   
P. J.

We concur:

CODRINGTON             
J.

SLOUGH                 
J.

19