Filed 2/7/22  P. v. Tapia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090447 |
| Plaintiff and Respondent, | (Super. Ct. Nos. LF006912A & LOD-CR-FE-2003-0000191) |
| v. | |
| MARTIN TAPIA, | |
| Defendant and Appellant. | |

A jury convicted defendant Martin Tapia of rape, making criminal threats, and simple kidnapping.  The court sentenced him to state prison for a term of 55 years to life. (*People v. Tapia* (Dec. 11, 2006, C050402 [nonpub. opn.] (*Tapia*).)[1]  In 2019, California's Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court indicating two ways in which the sentence might be incorrect and requesting clarification of the sentence.  CDCR advised the court that:  (1) there was a discrepancy between the statutory designation of the rape charge as reflected in the abstract of judgment and alleged in the information, and the description of the charge by the court at

---

[1]  We granted defendant's motion to incorporate *Tapia* by reference.

1

sentencing; and (2) the One Strike allegation used to increase the sentence on the rape charge was not alleged in the information and not reflected in the abstract of judgment. The trial court found the discrepancy in the statutory designation of the rape charge was a clerical error and ordered the abstract of judgment corrected. The trial court did not address the claim that the One Strike allegation was not pleaded in the information or reflected in the abstract of judgment. On appeal, defendant contends the trial court erred by failing to correct his unauthorized sentence, specifically as to One Strike allegation that was not pleaded in the information.[2] We conclude the trial court relied on an error of law and failed to exercise its discretion as to CDCR's recommendation, and therefore, abused its discretion. We remand for further proceedings to address CDCR's recommendation as to whether the sentence on the One Strike allegation was illegal.

BACKGROUND

A detailed discussion of the substantive facts underlying defendant's convictions is not necessary to resolve the issues raised on appeal. Defendant and the victim dated for some time until she decided to distance herself from him. She went to a dance club for her birthday and defendant was also there. After having some drinks, she accepted his offer to drive her back to her home. Instead of driving her to her home, he took her to his home which was in a trailer on a horse ranch in a rural area. There, he raped and beat her. She was able to escape when defendant fell asleep. (*Tapia, supra*, C050402.)

Following a preliminary hearing, defendant was held to answer on a complaint charging him with kidnapping to commit rape (Pen. Code, § 209, subd. (b)(1) – count 1),[3]

---

[2] Defendant filed his notice of appeal on September 12, 2019. Due to multiple extensions to the briefing schedule, some pursuant to coronavirus disease 2019 (COVID-19) emergency orders, and supplemental briefing, this case was not fully briefed until June 2021.

[3] Undesignated statutory references are to the Penal Code.

forcible rape (§ 261, subd. (a)(2) – count 2), and making criminal threats (§ 422 – count 3). The information further alleged defendant had a prior serious felony conviction (§ 667, subd. (a)(1).) An information was filed on these charges, and added an allegation that defendant had a prior serious felony under sections 667, subdivision (d) and 1170.12, subdivision (b). There was no allegation in either the complaint or information under section 667.61, subdivision (d)(2) (section 667.61(d)(2)) that "defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying" rape.

At the conclusion of the instruction conference, the trial court indicated there would need to be a special finding on the rape verdict form. During closing argument, the prosecutor argued that the allegations of kidnapping to commit rape under count 1 and the special allegation under section 667.61(d)(2), that the rape occurred in the course of a kidnapping, were different offenses. The prosecutor went on to discuss the elements of that allegation and the evidence supporting it. The prosecutor explicitly asked the jury to find the section 667.61(d)(2) allegation true. Defense counsel's closing argument focused on the victim's credibility, inconsistencies between her prior statements and her trial testimony, and consent.

The trial court instructed the jury that if it found defendant guilty of rape by force,[4] it was also required to determine whether defendant kidnapped the victim and that the movement substantially increased the risk of harm inherent in the rape, as set forth in section 667.61(d)(2). There was no other instruction regarding the section 677.61(d)(2) allegation.

_____

[4] The oral instruction given described the offense as rape by force, but referenced section 261, subdivision (a)(1). The written instruction referenced section 261, subdivision (a)(2).

The jury found defendant guilty of the lesser included offense of kidnapping (§ 207), rape by force (§ 261, subd. (a)(2)),[5] and making criminal threats (§ 422). The jury also found true the allegation that defendant kidnapped the victim and the movement substantially increased the risk of harm (section 667.61(d)(2).)

The minute order of May 4, 2005, the date the verdict was returned, included section 667.61(d)(2) as one of the allegations attached to count 2. The minute order also referenced section 261, subdivision (a)(1) (section 261(a)(1)) as the rape offense charged in count 2. All the previous minute orders referenced the rape charged in count 2 as section 261, subdivision (a)(2) (section 261(a)(2)). No previous minute order included the section 667.61(d)(2) allegation.

The trial court selected rape by force[6] as the base term, noted that because of the section 667.61(d)(2) finding, the sentence for that offense was 25 years to life, doubled to 50 years to life because of the strike conviction. As to the kidnapping conviction, the court imposed the aggravated term of eight years, appropriate because the victim was particularly vulnerable, doubled to 16 years because of the strike. The court stayed that sentence, under section 654. On the making criminal threats conviction, the court also imposed the aggravated term of three years, doubled because of the strike, and stayed under section 654. The court also imposed a consecutive five years for the prior conviction under section 667, subdivision (a). Thus, the court imposed an aggregate term of 55 years to life in prison. The minute order and abstract of judgment reflect the conviction on count 2 was for section 261(a)(1) and a sentence of 50 years to life, but neither specifies the additional punishment imposed for section 667.61(d)(2).

---

[5] The special verdict form described the offense as rape by force, but referenced section 261, subdivision (a)(1).

[6] The court describe the offense as rape by force but did not indicate a corresponding statute.

In 2010, CDCR sent a letter to the trial court indicating the abstract of judgment might need amending because defendant was sentenced to prison under section 261(a)(1), however the abstract did not indicate whether he had been advised of the AIDS testing requirement and it did not direct CDCR to perform the test and report the results. The court ordered defendant tested, directed CDCR to perform the test and report the results, and ordered the abstract of judgment amended.

In 2019, CDCR sent a letter to trial court advising the trial court that the abstract of judgment might be in error or incomplete in two specific ways. CDCR reported that the abstract of judgment indicated defendant had been convicted and sentenced under section 261(a)(1), rape by force or fear of a mentally disabled person, but the sentencing transcript reflected a conviction for rape by force or fear and the information had alleged rape by force or fear under section 261(a)(2). CDCR also advised the court that the abstract of judgment contained a possible error as to the 50 years to life sentence imposed on the rape count. CDCR reported that the sentencing triad for both sections 261(a)(1) and 261(a)(2), when doubled pursuant to the strike, is 6, 12, or 16 years. The sentencing transcript reflected a sentence under section 667.61(d)(2). CDCR advised that section 667.61(d)(2) only applied to section 261(a)(2), not section 261(a)(1). CDCR also advised that the section 667.61(d)(2) allegation was not reflected in the abstract of judgment or alleged in the information. CDCR requested the court review the file to determine if a correction was required. CDCR also advised the court that when a trial court is notified by CDCR that an illegal sentence exists, the trial court is entitled to consider all sentencing choices.

The court considered CDCR's letter ex parte and ordered the original sentence to remain in full force and effect but modified the abstract of judgment to reflect the conviction in count 2 was under section 261(a)(2). In a written response, the trial court noted: "The jury was told the Defendant was charged with rape with force. The jury was instructed with CALJIC jury instruction 10.00, rape by force, § 261(a)(2) P. C., and

5

returned a verdict of guilty of rape by force. The Defendant was then sentenced to 55 years to life for rape by force with priors. [¶] The verdict form signed by the jury stated that the code section was 261(a)(1) P. C., (rape of a disabled person) rather than 261(A[)](2) P. C., rape by force. The verdict form state that it was rape by force. [¶] A conviction of § 261(a)(1) P. C. with a prior serious felony carries a maximum penalty of 16 years. A conviction of § 261(a)(2) P. C. with a (serious) felony prior carries a maximum penalty of 50 years to life. *People v. Abdullah* [(2019)] 38 Cal.App.5th [218],[7] states that when correction of errors in a sentence involves 'only a question of law,' due process does not require a resentencing hearing to correct them. This is clearly a clerical error regarding a single number. The Defendant was arraigned on a charge of rape by force, the jury was instructed as to rape by force, the Defendant was sentenced for rape by force, and the jury signed a guilty verdict for rape by force. A review of the District Court of Appeal decision in this case clearly shows the facts of the case proved forcible rape. There was no mention of disability whatsoever in the decision or during the trial. The Abstract of Judgment will be corrected to reflect that count two was in fact § 261(a)(2) P. C., rape by force. All other portions of the abstract will remain the same." Neither the order nor the written response mentions the other error raised by CDCR regarding the imposition of a sentence under section 667.61(d)(2) that was not reflected in the abstract of judgment or alleged in the information.

DISCUSSION

Defendant contends the trial court erred in failing to correct an illegal sentence. Specifically, he contends the trial court's statement that the maximum penalty for forcible rape with a prior serious felony is 50 years to life, is incorrect. Defendant argues this

---

**7** On October 30, 2019, our Supreme Court denied review of *Abdullah* and ordered it depublished. (*People v. Abdullah* (2019) 38 Cal.App.5th 218, rev. den. & depub. Oct. 30, 2019, S257756.)

sentence was unauthorized, as punishment under section 667.61(d)(2) is only permissible where the People have pleaded and proven the special allegation; and as noted by CDCR, the record does not reflect an accusatory pleading with such an allegation.

The People contend the appeal is unauthorized because it exceeds the scope of the trial court's correction of the abstract. The People also argue the claim is forfeited because defendant failed to object in the trial court, on direct appeal, or in his petition for review. Lastly, the People claim defendant was on notice of the allegation and potential sentencing exposure. Accordingly, he received all the process that was due.

*Appealability*

A postjudgment order "affecting the substantial rights of the party" is an appealable order. (§ 1237, subd. (b).) A postjudgment order that merely corrects a clerical error in the abstract of judgment pointed out by CDCR does not affect the defendant's substantial rights and is, therefore not an appealable order. (See *People v. Magana* (2021) 63 Cal.App.5th 1120, 1127-1128.) A clerical error in the judgment includes a mismatch between the minutes or abstract of judgment and the judgment pronounced by the court, or the erroneous calculation of presentencing credits. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 379.)

However, where CDCR recommends recall and reconsideration of a sentence under former section 1170, subdivision (d)(1) (section 1170(d)(1)),[8] the decision of the trial court is an order that affects defendant's substantial rights, and is an appealable order. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863, fn. 2; *People v. McCallum* (2020) 55 Cal.App.5th 202, 211, fn. 7; *People v. Arias* (2020) 52 Cal.App.5th 213, 217 &

---

[8] Assembly Bill No. 1540 (2021-2022 Reg. Sess.) revised and continued former section 1170(d)(1) to section 1170.03, subdivision (a)(1). (Stats. 2021, ch. 719, § 3.1.) The continuation of the provision and accompanying revisions do not change the analysis of this opinion.

fn. 4; cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1158, 1163 [defendant has a personal liberty interest to " 'suffer only . . . deprivation' " of liberty warranted by crimes and order summarily declining to exercise discretion to follow CDCR's recommendation for recall and resentencing under § 1170, subd. (e), is an appealable order].)

CDCR's letter advised the trial court of a clerical error as to the designation of the statutory basis for the rape charge, an error the trial court could correct on its own authority. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) The trial court ordered that clerical error corrected. CDCR's letter also advised the trial court of an illegal sentence as to the One Strike allegation, either because it could not be imposed on a section 261(a)(1) conviction or because it had not been pleaded in the information. Based on the illegal sentence, CDCR's letter advised the trial court it could "reconsider all sentencing choices," citing to *People v. Hill* (1986) 185 Cal.App.3d 831. Accordingly, the letter invoked the trial court's authority to resentence under section 1170(d)(1).[9] An order declining to exercise section 1170(d)(1) discretion is an appealable order.

*Forfeiture*

The People contend this claim is forfeited by defendant's failure to object in the original proceedings, on direct appeal, or on petition for review. Defendant contends imposing sentence based on the One Strike allegation was an unauthorized sentence, subject to correction at any time, and is the type of error the court should exercise its discretion to address. In supplemental briefing, defendant claims if the issue was forfeited, he received ineffective assistance of counsel.

---

[9] CDCR's letter does not explicitly reference section 1170(d)(1), but references *People v. Hill, supra* 185 Cal.App.3d 831. *Hill* relies on former section 1170, subdivision (d), as the basis for the trial court's authority to recall and resentence the defendant where CDCR advises the trial court the sentence is unauthorized. (*Hill,* at pp. 833-835.)

The parties' arguments regarding forfeiture and unauthorized sentences go to an appellate court's authority to consider the merits of a claim on appeal, not our authority to consider the propriety of a trial court's ruling under section 1170(d)(1). This is an appeal from the denial of a section 1170(d)(1) recommendation and the claim is that the trial court abused its discretion pursuant to that authority in failing to correct an unauthorized sentence under section 667.61(d)(2). Section 1170(d)(1) provides the court with jurisdiction to correct an illegal or incorrect sentence where, as here, CDCR initiates such a proceeding. That jurisdiction is not dependent upon an objection having been raised in the original trial proceedings, at the original sentencing, in the initial appeal, or petitions for review. Rather, the jurisdiction may be exercised "for any reason rationally related to lawful sentencing. The court may then impose any otherwise lawful resentence suggested by the facts available at the time of resentencing." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.) In its response to CDCR's recommendation, the trial court did not address the validity of the sentence under section 667.61(d)(2) or the lack of pleading as to that allegation. Its decision on the letter was rendered ex parte. There was no earlier opportunity for defendant to objection to the trial court's section 1170(d)(1) ruling.

Even if defendant's appellate claim were forfeited by a failure to object, the error is within our discretion to address. While a "pleading must provide the defendant with fair notice of the potential sentence" (*People v. Anderson* (2020) 9 Cal.5th 946, 956 (*Anderson*)), imposition of sentence on an unpleaded allegation does not necessarily result in an unauthorized sentence correctable at any time, including if first raised on appeal. (*Id.* at p. 962.) *Anderson* provides guidance as to circumstances in which we should exercise our discretion to "decide an otherwise forfeited claim where the trial court has made an error affecting 'an important issue of constitutional law or a substantial right.' " (*Id.* at p. 963.) *Anderson* considered three factors relevant in this determination: (1) the error was "clear and obvious," that is, the trial court imposed punishment on allegations

9

that were "never pleaded, in contravention of the express pleading requirements of the relevant statutes"; (2) "the error affected substantial rights by depriving [defendant] of timely notice of the potential sentence he faced"; and (3) "the error was one that goes to the overall fairness of the proceeding." (*Ibid*.) Each of these factors applies here. The record on appeal does not reflect any pleading of the section 667.61(d)(2) allegation; it does not appear defendant received timely notice that he faced a potential enhanced sentence of 50 years to life; and the error goes to the overall fairness of the proceedings. Although defendant's asserted defense likely would not have been different if the One Strike allegation had been pled, the significantly increased sentence exposure might well have impacted his decision whether to plea bargain or go to trial. (*People v. Mancebo* (2002) 27 Cal.4th 735, 750-752 (*Mancebo*).) The purpose of a statutory pleading requirement is not simply to ensure the defendant has notice of the potential sentence on the day of sentencing, it is meant to give sufficient notice to permit the defense to make informed decisions about the case, including whether to plead guilty, how to allocate investigatory resources, and what strategy to deploy at trial. (*Anderson,* at p. 964.) The failure to receive adequate notice of the potential sentence faced is not harmless error. (*Ibid.*) Accordingly, the error warrants consideration, even if it was forfeited.

*Abuse of Discretion*

"In deciding whether to recall a sentence under section 1170, subdivision (d)(1), the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.' " (*People v. McCallum, supra,* 55 Cal.App.5th 202, 210.)

We review the courts "order declining to follow the Secretary's recommendation for abuse of discretion." (*People v. Frazier, supra,* 55 Cal.App.5th 858, 863.) Its decision " 'will not be disturbed except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*People v. Holford* (2012) 203 Cal.App.4th 155, 168.) In determining whether there was an abuse of discretion, "we ask whether the trial court's

findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious. [Citation.] Critical to the resolution of this case, we note that when a trial court's decision rests on an error of law, that decision is an abuse of discretion." (*People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746.) In addition, "[a] court necessarily abuses its discretion when it fails to exercise its discretion at all, however." (*People v. Choi* (2021) 59 Cal.App.5th 753, 766.) That is, it is an abuse of discretion where there is no evidence the court " 'engaged in a reasoned exercise of judgment based on an examination of the particular circumstances of this case.' [Citation.]" (*Id.* at p. 767.)

*One Strike Law – Section 667.61(d)(2)*

The One Strike law applies to sex crimes specified in section 667.61, subdivision (c). Among those is forcible rape in violation of section 261(a)(2) (§ 667.61, subd. (c)(1).) A conviction for this offense can result in one of two heightened sentences: 15 years to life if the jury finds one or more of the "circumstances" listed in section 667.61, subdivision (e) (§ 667.61, subd. (b)); or 25 years to life if the jury finds either (1) two of the "circumstances" listed in section 667.61, subdivision (e), or (2) one of the more aggravated "circumstances" listed in section 667.61, subdivision (d). (§ 667.61, subd. (a).)

"The One Strike law specifically spells out what the People must do in order to invoke its greater penalties: 'The penalties provided in this section shall apply only if the existence of any circumstance specified in subdivision (d) or (e) is alleged in the accusatory pleading pursuant to this section, and is either admitted by the defendant in open court or found to be true by the trier of fact.' (§ 667.61, subd. (o).)" (*People v. Perez* (2015) 240 Cal.App.4th 1218, 1223.)

The relevant aggravated circumstance here is set forth in section 667.61(d)(2): "The defendant kidnapped the victim of the present offense and the movement of the

11

victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying offense in subdivision (c)." The existence of the aggravating circumstances must be specifically pled even though it can be established from the mere fact of ultimate conviction. (*Mancebo, supra,* 27 Cal.4th at p. 752.) This specificity is mandated not only by the language of the One Strike law but also by the defendant's "cognizable due process right to fair notice of the specific sentence . . . allegations that will be invoked to increase punishment for his crimes." (*Mancebo,* at p. 747.) The prosecution need not specify a particular numerical provision so long as the accusatory pleading affords the defendant "fair notice of the qualifying statutory circumstance or circumstances that are being pled, proved, and invoked in support of One Strike sentencing." (*Id*. at p. 754.)

*Section 1170(d)(1) Determination*

As indicated in CDCR's letter, the sentencing triad under section 261(a)(2) with a serious prior felony is a determinate term of 6, 12, or 16 years. (§§ 264, subd. (a); 667, subd. (e)(1); 1170.12, subd. (c)(1).) Thus, the maximum penalty is 16 years. In addition, CDCR's letter advised the court, there is no section 667.61(d)(2) allegation in the information in this case.

In its written response, the trial court indicated the maximum penalty for a conviction under section 261(a)(2) with a prior serious felony is 50 years to life. That is an incorrect statement of the law. In addition, in its response and order, the trial court did not address the propriety of the section 667.61(d)(2) sentence at all.[10] The trial court

---

[10]  The record on appeal does not contain any written amendment to the information. It appears, that the first mention of the One Strike allegation came at the instruction conference, shortly before the jury would receive the case for deliberation. Even that mention did not indicate the additional punishment faced as a result of the One Strike allegation. On the record before us, it appears defendant did not receive the information about the increased punishment until the actual sentencing hearing. "At that point, the damage was done — it was by then too late to consider the prosecution's pretrial plea

12

relied on an error in law and declined to exercise its discretion as to the propriety of the section 667.61(d)(2) sentence based on an examination of the particular circumstances of this case.  This was an abuse of discretion.

## DISPOSITION

The order is reversed.  The matter is remanded to the trial court for further proceedings to consider the propriety of the sentence under section 667.61(d)(2) and address CDCR's recommendation as to the imposition of this sentence.


  /s/  
HOCH, J.

We concur:


  /s/  
MAURO, Acting P. J.


  /s/  
MURRAY, J.*

---

deal or reshape his trial strategy." (*Anderson, supra,* 9 Cal.5th at p. 964.)  That said, we recognize there may have been an amendment to the information that is not contained within our record on appeal.  An information may be orally amended and there are circumstances in which defendant may consent to an informal amendment.  (*People v. Sandoval* (2006) 140 Cal.App.4th 111, 132.)  These are factual determinations beyond our purview on appeal.

\* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.