Filed 3/10/25  P. v. Williams CA1/5
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR LAMONT WILLIAMS,<br>    Defendant and Appellant. | A157031<br><br>(Contra Costa County<br>Super. Ct. No. 5-142200-5) |

Omar Lamont Williams was convicted of forcible oral copulation in concert (Pen. Code, § 287, subd. (d))[1], forcible rape in concert (§ 264.1), kidnapping for extortion (§ 209, subd. (a)), and other offenses committed in 2014 when he was 23 years old. After a successful appeal resulting in a remand for resentencing, Williams appealed again, contending his new sentence is unauthorized.  In a 2020 unpublished opinion, we agreed and remanded his case for resentencing.  (*See People v. Williams* (April 7, 2020, A157031) [nonpub. opn.] (*Williams II*).)  In addition, we held that his categorical exclusion, as a sex offender sentenced under the One Strike Law (§ 667.61), from eligibility

---

[1] Williams was tried and convicted of oral copulation in concert in violation of Penal Code section 288a, subdivision (d), but the Legislature subsequently renumbered that provision to section 287, subdivision (d).  (*See* Sen. Bill No. 1494 (2017-2018 Reg. Sess.), Stats. 2018, ch. 423, § 49, eff. Jan. 1, 2019.)

All undesignated statutory references are to the Penal Code.

1

for a youth offender parole hearing under section 3051 violates equal protection. (*See ibid*.) As a result, in our 2020 opinion we ordered that on remand, the trial court should determine whether Williams was afforded an adequate opportunity to make a record of information relevant to a youth offender parole hearing. (*See ibid*.) Recently, however, our Supreme Court reached the opposite conclusion, holding that the exclusion of One Strike offenders from the youth offender parole scheme does not violate the Equal Protection Clause because it is rationally related to the state's legitimate interests in addressing recidivism and setting punishments for "serious and dangerous sex offenders." (*People v. Williams* (2024) 17 Cal.5th 99, 136 (*J. Williams*)[2].) Having granted Williams's petition for review pending its resolution of *J. Williams*, our Supreme Court issued an order directing us to vacate our 2020 decision and reconsider the case in light of *J. Williams*.

Accordingly, we vacate our 2020 decision. Given our Supreme Court's guidance, we now reject Williams's equal protection challenge to the One Strike exclusion. We otherwise adhere to the portions of our previous opinion concluding that Williams is entitled to resentencing based on an unauthorized sentence.

## BACKGROUND

### A.

The underlying facts and procedural history are primarily taken from this Court's unpublished opinion in Williams's first

---

[2] Our Supreme Court's recent decision involved a different defendant, Jeremiah Ira Williams, who bears the same last name as the appellant here. To avoid confusion in this opinion, we refer to the Supreme Court decision as *J. Williams*.

appeal.  (*People v. Williams* (April 27, 2018, A147160) [nonpub. opn.] (*Williams I*).)[3]

In May 2014, Williams's cousin, Audrey Sims, had an altercation with Jane Doe, accusing Doe of owing her money. Williams, who was 23 at the time, got involved and took Doe's phone.  He choked her, called her a "bitch," and told her she owed his cousin money.  Although Doe denied the debt, Williams and Sims told Doe she needed to figure out a way to make the money back that night.  They told her she was going to " 'get on Redbook,' " a prostitution website, and they would get clients for her.  Doe refused but Williams and Sims told her they didn't care what she wanted.  Williams pulled a gun out from the back of his pants and said, " 'I'm not stupid.  You have a pussy, right?' " Williams pointed the gun in Doe's face and said " 'he was about that life and that he wasn't afraid to use it.' "

Williams and another individual who was present, Michael Keith Madison, Jr., told Doe they needed pictures of her to put on her Redbook page.  Williams and Madison had Doe get in the back seat of her car with Williams driving.  Williams said Doe would have to prostitute herself one to three times each day to pay back the money she owed.

Williams drove to a gas station and sent Madison inside the store to buy condoms.  Williams later drove back to the complex where Sims lived and stopped at a grassy area by the community pool.  He and Madison were smoking and drinking.  Williams took Doe into the bushes and photographed her with her pants pulled down, saying he would post the pictures on Redbook.

---

[3] We deny as unnecessary Williams's request for judicial notice of the appellate record.  (*See In re Reno* (2012) 55 Cal.4th 428, 484 ["Petitioners need not separately or specifically request judicial notice of all documents connected with their past appeals"].).

Williams, who had a gun, forced Doe to give both him and Madison oral sex.  While Doe performed oral sex on Williams, Madison tried to have anal sex with her before raping her vaginally.  Doe was crying and the men were laughing.  Williams also raped her vaginally.  The incident ended when Doe said she needed to go pick up her son.  Doe drove to a friend's house, hysterical, and said she had been raped.  The friend called the police.

**B.**

Section 667.61, known as the "One Strike" law (Stats. 1994, 1st Ex. Sess. 1993-1994, ch. 14X, § 1, p. 8570), is an alternative, harsher sentencing scheme that applies to specified felony sex offenses.  (*J. Williams, supra,* 17 Cal.5th  at p. 117.)  For covered offenses, the One Strike law mandates a sentence of either 15 years to life or 25 years to life depending on whether certain factual circumstances are found true.  (§ 667.61, subds. (a)-(b).)  For some of the covered sex offenses, if the crimes involve separate victims or the same victim on separate occasions, the trial court must impose consecutive sentences.  (§ 667.61, subd. (i).)  As relevant here, "[t]he sentence will be 25 years to life if the jury finds (or the defendant admits) . . . one of the more aggravated 'circumstances' listed in section 667.61, subdivision (d)."  (*People v. Perez* (2015) 240 Cal.App.4th 1218, 1223, italics omitted.)  The circumstances enumerated in section 667.61, subdivision (d) include: "The defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying offense."  (§ 667.61, subd. (d)(2).)  Forcible rape in concert (§ 264.1) and forcible oral copulation in concert (§ 287, subds. (c)-(d)) are among the offenses that qualify for treatment under the One Strike law.  (§ 667, subds. (c)(3), (c)(7).)

4

## C.

A third amended information was filed charging Williams as follows: count one: conspiracy to commit kidnapping for extortion, human trafficking and pandering (§§ 182, subd. (a)(1), 209, subd. (a); 236.1, subd. (b); 266i); count two: kidnapping for extortion (§ 209, subd. (a)); count three: human trafficking (§ 236.1, subd. (b)); count four: forcible rape in concert (§ 264.1); count five: forcible oral copulation in concert (§ 288a, subd. (d)). The third amended information also alleged that Williams had personally used a firearm within the meaning of section 12022.53, subdivision (b), in the commission of the kidnapping charged in count two; had personally used a firearm within the meaning of section 12022.5, subdivision (a), in the commission of the human trafficking charged in count three; and had been armed with a firearm within the meaning of section 12022, subdivision (a)(1), during the commission of the rape in concert and oral copulation in concert charged in counts four and five. Finally, as to the oral copulation charged in count five, it was alleged under the One Strike law that Williams (along with Madison) had kidnapped the victim within the meaning of section 667.61, subdivision (d)(2), and that the movement substantially increased the risk of harm to her above that level of risk inherent in the underlying offense.

Williams was jointly tried along with his codefendants, Sims and Madison. The three defendants were convicted as charged. Williams received the following sentence: (1) a One Strike term of 25 years to life for the rape in concert conviction under count four, plus one year for the firearm enhancement pursuant to section 12022, subdivision (a)(1); (2) 25 years to life for the oral copulation in concert conviction under count five, plus one year for the firearm enhancement pursuant to section 12022, subdivision (a)(1), concurrent to the sentence in count four; (3) life with the possibility of parole for the kidnapping conviction

under count two, plus a 10-year firearm enhancement pursuant to section 12022.53, subdivision (b), concurrent to the sentence in count four; (4) life with the possibility of parole for the conspiracy conviction under count one, that sentence to be stayed pursuant to section 654; and (5) the lower term of eight years for the human trafficking conviction under count three, plus the lower term of three years for the firearm enhancement under section 12022.5, subdivision (a), with " 'the 11 years that is imposed' " being " 'concurrently stayed under . . . section 654.' "  The trial court also ordered that Williams pay a restitution fine under section 1202.4 in the amount of $300 per count, or a total of $1,500, and stayed a parole revocation fine in the same amount under section 1202.45.

## D.

In Williams's first appeal, this Court affirmed his conviction but remanded the case for resentencing.  (*Williams I, supra*, A147160.)  That opinion held that the One Strike sentence for Williams's rape in concert conviction under count four was unauthorized because the accusatory pleading did not include a specific One Strike allegation as to that count.  (*Ibid.*)  In addition, this Court held that because the case was being remanded for resentencing on count four, the trial court could consider whether to strike or impose the firearm enhancements on counts two and three pursuant to then newly enacted discretionary authority in sections 12022.5, subdivision (c), and 12022.53, subdivision (h). (*Williams I, supra,* A147160.)  This Court also identified errors relating to Williams's restitution and parole revocation fines.  (*Ibid.*)  The disposition read as follows:  "The true finding on the One Strike allegation attached to [Williams's] rape in concert conviction[] under count 4 is vacated and the case is remanded for resentencing on that count.  At the time of resentencing, the court may exercise its discretion under sections 12022.5, subdivision (c), and 12022.53, subdivision (h),

as to any counts to which that discretion applies. The court shall reduce . . . Williams's restitution fine and parole revocation fine under sections 1202.4 and 1202.45 from $1,500 to $900, and shall modify the abstract of judgment in Williams's case to reflect this modification and to indicate that the sentence for human trafficking under count 3 was stayed under section 654. As so modified, the judgment is affirmed." (*Ibid.*)

## DISCUSSION

### A.

In our 2020 opinion, we concluded that the Legislature's decision to exclude One Strike offenders from the youth offender parole scheme lacked a rational basis and was therefore unconstitutional. (*See Williams II, supra,* A157031.) Specifically, we agreed with Williams that One Strike offenders are similarly situated to those convicted of murder, and that there is no rational basis to exclude One Strike offenders from the youth offender parole scheme while including individuals with murder convictions. (*Ibid.*)

In *J. Williams*, however, our Supreme Court rejected an equal protection challenge to the youth offender parole statute, section 3051, brought by a defendant who, similar to Williams, was ineligible based on One Strike offenses committed when he was 24 years old. (*J. Williams, supra,* 17 Cal.5th at p. 110.) The appellant in *J. Williams* raised an argument identical to Williams's, asserting that the Legislature lacked a rational basis to exclude One Strike offenders while affording early parole hearings to young adults with murder convictions. (*Id.* at p. 125.) In rejecting this argument, our Supreme Court reasoned that "[t]he Legislature could rationally conclude, based on its view that a One Strike sex offender's risk of recidivism is high, that rehabilitation is unlikely, and therefore these offenders would not likely be eligible for parole, much less early parole under section 3051." (*Id.* at p. 130.) The court further noted that there was no

7

evidence before it that the Legislature had similar recidivism concerns about offenders who commit murder, or that murder offenses are necessarily accompanied by the same types of aggravating factors tied to One Strike offenses under section 667.61.  (*Ibid*.)

Although the parties had an opportunity to submit supplemental briefing addressing the impact of *J. Williams*, Williams declined to file such a brief.  He thus appears not to contest that his equal protection claim is no longer viable in light of *J. Williams*.  We therefore reject his challenge to section 3051.

**B.**

In its supplemental brief, the People assert, and Williams does not dispute, that apart from the outcome as to Williams's equal protection claim, the remedy we ordered in our 2020 opinion should remain unchanged.  We agree.

In their original briefing in the 2020 appeal, both parties contend that, following remand, the trial court's resentencing authority was limited to carrying out the instructions in this court's disposition.  Although we disagree as to the scope of the trial court's authority, we agree that a remand for resentencing is nonetheless required here.

**1.**

The parties cite the principle that after the appellate court issues "a remittitur, 'the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court.*' "  (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337, quoting *People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366.) While the trial court must no doubt act in accordance with the appellate court's instructions, in the resentencing context a special rule applies: "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its

8

sentencing discretion in light of the changed circumstances. ' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *see also, e.g.*, *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ("the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)  However, on resentencing, the court may not increase the defendant's aggregate prison term after a partially successful appeal.  (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1253, 1256.)

**2.**

With respect to counts one (conspiracy to commit kidnapping, human trafficking, and pandering) and two (kidnapping for extortion), the parties agree that the trial court issued unauthorized sentences.

At the original sentencing, on count one, the court sentenced Williams to life with the possibility of parole, staying the sentence pursuant to section 654.  On count two, the court sentenced Williams to life with the possibility of parole with a 10 year firearm enhancement pursuant to section 12022.53, subdivision (b) (to run concurrently with the original sentence for count four).

This Court's 2018 opinion affirmed the judgment as to these sentences but authorized the trial court to consider whether to strike the firearm enhancement as to count two.  *(Williams I, supra,* A147160; § 12022.5, subd. (c).)

On remand, the trial court declined to strike the enhancement as to count two but modified both sentences.  On count one, the court imposed an "indeterminate life term [with] seven year[s] mandatory minimum parole" and stayed it pursuant to section 654.  On count two, the court imposed "an indeterminate life sentence which in effect means a[n] initial seven-year minimum parole term" plus a 10 year firearm enhancement.

9

It is undisputed, however, that the correct sentence is life with the possibility of parole for both counts, with the firearm enhancement applicable to count two. (*See* §§ 182, subd. (a) [penalty for conspiracy to commit multiple felonies is the penalty for the felony with the greater maximum term]; 209, subd. (a) [penalty for kidnapping unaccompanied by death or bodily harm is life with the possibility of parole].)[4] Accordingly, on remand, the trial court should impose sentences of life with the possibility of parole for counts one and two, with the firearm enhancement applicable to count two.

## 3.

With respect to count three (human trafficking), the parties assert that the trial court erred in increasing Williams's sentence on remand and declining to stay it pursuant to section 654. (*See* § 654 [where an act is "punishable in different ways by different provisions of law[,] . . . in no case shall the act . . . be punished under more than one provision"].) The court originally sentenced him to eight years in prison for the human trafficking conviction plus three years for the firearm enhancement, staying the sentence pursuant to section 654. This Court's 2018 opinion affirmed the judgment as to this count but authorized the trial court to exercise its discretion to determine whether to strike the firearm enhancement pursuant to section 12022.5, subdivision (c). (*Williams I, supra,* A147160.) On remand, the trial court declined to strike the enhancement. However, under the mistaken belief that it had originally selected a four-year enhancement, the court imposed an enhancement of four years on

---

[4] The penalty for kidnapping is greater than the penalties for the other crimes Williams was convicted of conspiring to commit. (*See* § 236.1, subd. (b) [penalty for human trafficking is eight, 14, or 20 years and a fine not to exceed $500,000]; 266i [penalty for pandering not involving a minor is three, four, or six years].)

remand, resulting in a 12 year total sentence on count three. The court also failed to stay the sentence pursuant to section 654, as it had done originally. Under the full resentencing rule, the court had authority to select a four year enhancement rather than the original three year enhancement. However, because Williams is entitled to a remand for resentencing on counts one and two, as discussed above, on remand the trial court may consider whether it wishes to increase the enhancement term or impose the original three year enhancement. On remand, the court shall stay the sentence pursuant to section 654.

**4.**

Finally, the abstract of judgment does not accurately reflect the trial court's imposition of $900 in restitution fines under section 1202.4. On remand, the abstract of judgment and clerk's minutes must accurately reflect the sentence orally pronounced by the trial court. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

**DISPOSITION**

Our opinion in *Williams II*, *supra,* A157031, is vacated. The case is remanded to the trial court for resentencing on counts one, two, and three. With respect to count one, the court shall impose a sentence of life with the possibility of parole, staying the sentence pursuant to section 654. With respect to count two, the court shall impose a sentence of life with the possibility of parole, with a firearm enhancement of 10 years. With respect to count three, the court may select the firearm enhancement term it deems appropriate, staying the sentence pursuant to section 654. On remand, the court shall also modify the abstract of judgment to reflect the corrected sentences, and to reflect the court's imposition of $900 in restitutions fines under section 1202.4. In all other respects, the judgment is affirmed.

11

BURNS, J.

WE CONCUR:

JACKSON, P.J.
SIMONS, J.

*People v. Williams (A157031)*